UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE BENARD WASHINGTON,<br><br>        Plaintiff,<br><br>    vs.<br><br>DAVID HICKS, et al.,<br><br>        Defendants. | 1:19-cv-00156-NONE-GSA-PC<br><br>**ORDER DENYING MOTION FOR REIMBURSEMENT OF FILING FEE (ECF No. 14.)** |

**I.     PROCEDURAL BACKGROUND**

Tracye Benard Washington ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on February 5, 2019. (ECF No. 1.) On March 7, 2019, Plaintiff paid the $400.00 filing fee in full for this action. (Court Record.) On April 22, 2020, Plaintiff filed a motion for reimbursement of the $400.00 filing fee. (ECF No. 14.) No defendant has appeared in this action.

1

## II. PLAINTIFF'S MOTION

Plaintiff requests reimbursement of the $400.00 filing fee he paid for this case, arguing that he has paid the filing fee for this case twice.

As background, Plaintiff asserts that he filed a § 1983 complaint in 2018 that was later dismissed by the court without prejudice due to his failure to exhaust administrative remedies. (No. 1:18-cv-00564-LJO-SAB (PC)("2018 case"); Washington v. Stark).  Plaintiff filed the present § 1983 Complaint in 2019 (1:19-cv-00156-NONE-GSA-PC ("2019 case"); Washington v. Hicks), naming the same defendants -- David Hicks and Hipolito Rocha -- and bringing the same claims that remained in the 2018 case when it was dismissed.  Plaintiff argues that the present case is part of the 2018 case and therefore he has paid the filing fee twice for the same case.

Plaintiff asserts that he assumed the court would realize what happened when this case had the same Plaintiff and defendants as the 2018 case.  He refers to a past situation that the court resolved on its own:  Plaintiff submitted an amended complaint for one of his cases and the court inadvertently used the amended complaint to open a new, separate case.  In that instance the court recognized that an error had happened, dismissed the duplicative case, stopped the payment order for the filing fee for the duplicative case, and moved the amended complaint into the appropriate case.

Plaintiff argues that his two actions are parts of the same case because the 2018 case was not dismissed for failure to state a claim and by submitting the 2019 case, he simply amended the 2018 complaint after dismissal without prejudice in order to correct a jurisdictional error.

## III. DISCUSSION

"Filing fees are part of the costs of litigation," and prisoner cases are no exception. Slaughter v. Carey, No. CIVS030851MCEDADP, 2007 WL 1865501, at *1 (E.D. Cal. 2007) (quoting Lucien v. DeTella, 141 F.3d 773, 775 (7th Cir. 1998)).  Filing fees for initiating a lawsuit in district court are authorized by 28 U.S.C. § 1914.  Duclairon v. LGBTQ Cmty. & Grace Cmty. Church Klan, No. 3:18-CV-01095-AC, 2018 WL 5085754, at *1 (D. Or. Oct. 17, 2018) citing see Green v. Bank of America, No. 2:12-cv-02093-GED-CKD PS, 2012 WL 5032414, at *1

(E.D. Cal. Oct. 17, 2012) (denying refund of filing fee after *pro se* plaintiff voluntarily dismissed complaint under Rule 41 (a)).  The Prison Litigation Reform Act has no provision for return of fees that are partially paid or for cancellation of the remaining fee.  <u>Slaughter</u>, 2007 WL 1865501, at 1 (citing <u>see</u> <u>Goins v. Decaro</u>, 241 F.3d 260, 261-62 (2d Cir. 2001) (inmates who proceeded *pro se* and *in forma pauperis* were not entitled to refund of appellate fees or to cancellation of indebtedness for unpaid appellate fees after they withdrew their appeals)).  In fact, "[a] congressional objective in enacting the PLRA was to 'mak[e] all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'" <u>Goins</u>*,* 241 F.3d at 261.  Nothing in the statute, or any other statute, provides for the refund of a filing fee for any reason.  Plaintiff does not identify, nor does the court find, any precedent permitting the court to refund filing fees in this situation.  <u>Id.</u>

More to the point, Plaintiff is mistaken in his belief that his 2018 and 2019 cases are both part of the same case.  The 2018 case was dismissed by the court, judgment was entered and the case was closed on March 4, 2019.  The fact that the dismissal was without prejudice does not mean that the case was left open for Plaintiff to continue with it later.  As a rule, when a case is dismissed without prejudice the case is *over,* but the plaintiff is allowed to bring the same claims again in a new, separate case.  Therefore, when Plaintiff submitted his Complaint in 2019, the court opened a new separate case and assigned to it a new case number.

Plaintiff's circumstances here are different than when the court inadvertently opened a new case using his amended complaint.  When Plaintiff submitted the amended complaint he did not voluntarily file a new case.  Here, Plaintiff chose to file this case and voluntarily paid the filing fee, which was appropriate.

Because Plaintiff filed two separate cases, one in 2018 and the other in 2019, he is obligated to either pay the $400.00 filing fee or proceed *in forma pauperis*.  In either case, he is obligated to pay the filing fee.  "If a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee" through payments deducted from the prisoner's prison trust account. 28 U.S.C. § 1915.  Here, Plaintiff was granted

leave to proceed *in forma pauperis* in the 2018 case, and on March 6, 2019, Plaintiff appropriately paid the $400.00 filing fee in full for the present case.

Based on the foregoing, this court concludes that Plaintiff is not entitled to reimbursement of his filing fee.

**III.      CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reimbursement of the filing fee for this action, filed on April 22, 2020, is DENIED.

IT IS SO ORDERED.

Dated:   **May 1, 2020**                         **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE