UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE BENARD WASHINGTON,<br><br>        Plaintiff,<br><br>    vs.<br><br>HICKS, et al.,<br><br>        Defendants. | **1:19-cv-00156-NONE-GSA-PC**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED**<br><br>**(ECF No. 39.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.      BACKGROUND**

Tracye Benard Washington ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's original Complaint filed on February 5, 2019, against defendants Sergeant David Hicks and Correctional Officer Hipolito Rocha for use of excessive force in violation of the Eighth Amendment. (ECF No. 1.)

On April 26, 2021, Plaintiff filed a motion for a temporary restraining order, which the court construes as a motion for preliminary injunctive relief.  (ECF No. 39.)

**II.      PRELIMINARY INJUNCTIVE RELIEF**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that

the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

Plaintiff requests a court order compelling officials at the California Substance Abuse Treatment Facility and State Prison ("SATF"), where Plaintiff is currently incarcerated, to provide him with a magnifier for his electronic tablet. Plaintiff states that he has been harassed by an officer at the prison because of his requests for a magnifier, which he needs because of his vision impairment. Plaintiff requests an order enjoining Lieutenant Lopez and correctional officers from harassing him, and to be provided with a magnifier.

To the extent that Plaintiff seeks a court order compelling officers at SATF to act or refrain from acting, the court lacks jurisdiction to issue such an order because the order would not remedy any of the claims upon which this case proceeds. This case was filed against defendants Hicks and Rocha for their use of excessive force against Plaintiff based on events occurring at Kern Valley State Prison in Delano, California, when Plaintiff was incarcerated there. Plaintiff now requests a court order protecting him from present and future actions by prison officials at SATF. Because such an order would not remedy any of the claims in this case, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

### III.  CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on April 26, 2021, be DENIED for lack of jurisdiction.

///

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after the objections are filed. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 6, 2021**     **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE