UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE BENARD WASHINGTON,<br><br>    Plaintiff,<br><br>vs.<br><br>HICKS, et al.,<br><br>    Defendants. | 1:19-cv-00156-NONE-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION (ECF Nos. 48, 49.)** |

## I. BACKGROUND

Tracye Benard Washington ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's Complaint filed on February 5, 2019, against defendants Sergeant David Hicks and Correctional Officer Hipolito Rocha ("Defendants") for use of excessive force in violation of the Eighth Amendment. (ECF No. 1.)[1]

On May 13, 2021, the court issued an order granting Defendants' motion to modify the scheduling order extending the deadlines for discovery and the filing of dispositive motions for all parties. (ECF No. 46.) On May 17, 2021, and May 19, 2021, Plaintiff filed oppositions to

---

[1] On June 22, 2020, the court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (ECF No. 19.)

1

Defendants' request for extension of discovery and modification of the scheduling order, which the court construes as motions for reconsideration of the court's order issued on May 13, 2021. (ECF Nos. 47, 48.)

## II. MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

### III. DISCUSSION

Plaintiff requests reconsideration of the court's order issued on May 13, 2021, in which the court granted Defendants' motion to modify the scheduling order and extending the deadlines for discovery and the filing of dispositive motions, for all parties. Plaintiff argues that defense counsel has not appropriately participated in the discovery process.

Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, Plaintiff's motion for reconsideration shall be denied.

### IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions for reconsideration, filed on May 17, 2021, and May 19, 2021, are DENIED.

IT IS SO ORDERED.

Dated: **May 22, 2021**          **/s/ Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE