UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE BENARD WASHINGTON,<br><br>Plaintiff,<br><br>vs.<br><br>HICKS, et al.,<br><br>Defendants. | 1:19-cv-00156-NONE-GSA-PC<br><br>**ORDER DENYING REQUEST FOR RECUSAL OF MAGISTRATE JUDGE (ECF No. 53.)** |

## I. BACKGROUND

Plaintiff, Tracye Benard Washington, is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's original complaint filed on February 5, 2019, against defendants Sergeant David Hicks and Correctional Officer Hipolito Rocha for use of excessive force in violation of the Eighth Amendment. (ECF No. 1.)[1] On March 25, 2021, Plaintiff filed a request for recusal of the magistrate judge assigned to this case. (ECF No. 53.)

## II. RECUSAL OF MAGISTRATE JUDGE

Federal law provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be

---

[1] On June 22, 2020, the court issued an order dismissing all other claims and defendants from this action, based on plaintiff's failure to state a claim. (Doc. No. 19.)

1

questioned." 28 U.S.C. § 455(a). Section (b) of that statute sets forth a number of additional grounds for disqualification, including where the judge "has a personal bias or prejudice concerning a party," "personal knowledge of disputed evidentiary facts concerning the proceeding," where "in private practice he served as lawyer in the matter in controversy," or "has been a material witness concerning it." Id. § 455(b).

A motion under § 455 is addressed to, and must be decided by, the very judge whose impartiality is being questioned." Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994). "Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge." Id. (quoting United States v. Balistrieri, 779 F.2d 1191, 1202 (7th Cir. 1985)). "[S]ection 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on the case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself." Sibla, 624 F.2d at 868 (citing see, e.g., Nicodemus v. Chrysler Corp., 596 F.2d 152, 157 & n.10 (6th Cir. 1979)).

Plaintiff argues that the magistrate judge assigned to this case should be recused because of the judge's bias against Plaintiff. Plaintiff contends that when the magistrate judge granted Defendants' motion to modify the scheduling order, the judge did not fairly weigh the reasons that Plaintiff's deposition did not go smoothly. Plaintiff asserts that defense counsel was rude at the deposition and showed lack of respect for Plaintiff's objections to the questions. Plaintiff also notes that the deposition was conducted three days prior to the discovery cut-off limiting the ability to challenge controversial responses, including any of Plaintiff's statements. Plaintiff argues that his version of what occurred at the deposition, which gave rise to the court's order, is absent.

Plaintiff's motion for recusal must be denied. The magistrate judge has the authority to rule on pretrial matters pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff has not supported the motion with any evidence that the magistrate judge has a personal bias against Plaintiff from an extra-judicial source. A judge's rulings while presiding over a case do not constitute extra-judicial conduct. In re Focus Media, Inc., 378 F.3d at 930. Plaintiff's disagreement with the court's rulings is not a legitimate ground for seeking disqualification.

**III. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for recusal of the magistrate judge, filed on May 25, 2021, is denied.

IT IS SO ORDERED.

Dated: **May 27, 2021**        **/s/ Gary S. Austin**
                               UNITED STATES MAGISTRATE JUDGE