UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE BENARD WASHINGTON,<br><br>             Plaintiff,<br><br>        vs.<br><br>HICKS, et al.,<br><br>             Defendants. | No. 1:19-cv-00156-NONE-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER<br><br>(Doc. No. 53.) |

**I.   BACKGROUND**

Plaintiff Tracye Benard Washington is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with plaintiff's original complaint filed on February 5, 2019 against defendants Sergeant David Hicks and Correctional Officer Hipolito Rocha for use of excessive force in violation of the Eighth Amendment.  (Doc. No. 1.)

On May 13, 2021, the assigned magistrate judge issued an order granting defendants' motions to modify the scheduling order (Doc. Nos. 44, 45), extending the deadlines for discovery and for the filing of dispositive motions for all parties, (Doc. No. 46).  On May 17, 2021, and May 19, 2021, plaintiff filed oppositions to defendants' motions, which the court construed as motions for reconsideration of the May 13, 2021 order which modified the

1

scheduling order in this case. (Doc. Nos. 47, 48.) On May 24, 2021, the magistrate judge issued an order denying plaintiff's motions for reconsideration. (Doc. No. 51.)

On May 25, 2021, plaintiff filed objections to the May 13, 2021 order and requested appeal/further review of the order, purportedly by the district judge assigned to this case. (Doc. No. 53.) Plaintiff's objections also contained motions concerning the magistrate judge, which the magistrate judge addressed by separate orders. (Doc. Nos. 54 & 55.) The court will treat plaintiff's objections as a request for reconsideration by the district judge pursuant to 28 U.S.C. § 636(b)(1)(A).

## II.     REQUEST FOR RECONSIDERATION BY DISTRICT JUDGE

### A.     Legal Standard

Local Rule 303 provides that "[a] party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge . . . specifically designat[ing] the ruling, or party thereof, objected to and the basis for that objection.'" Local Rule 303(c). "The standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)." Local Rule 303(f).

### B.     Request for Reconsideration of Magistrate Judge's Order

Plaintiff requests review by the district judge of the magistrate judge's May 13, 2021 order which granted defendants' motions to modify the scheduling order, extending the deadlines for discovery and the filing of dispositive motions for all parties. Plaintiff objects because the magistrate judge made his ruling based on "excerpts of specifically chosen sentences from a seven (7) hour video-taped deposition hearing without ever requesting the entire transcription to make a fair judgment." (Doc. No. 53.) Plaintiff also objects that the magistrate judge granted defendants' motions within five days of their filing, showing that the magistrate judge did not take into consideration plaintiff's oppositions to defendants' motions, which were filed after the court's ruling. Additionally, plaintiff contends that he answered all questions asked of him at his deposition. Plaintiff seeks reversal of the May 13, 2021 order.

After review of the order and examination of plaintiff's arguments in his request for reconsideration, the court does not find the magistrate judge's ruling to be erroneous or

contrary to law. Rather, defendants have shown good cause to extend the discovery deadline in this case. Even if plaintiff answered all questions asked of him—a matter defendants have filed declarations disputing—plaintiff's alleged behavior at his deposition provided sufficient cause to extend the discovery and motions deadlines. With respect to plaintiff's argument concerning the timing of the magistrate judge's order, this *ex parte* extension was defendant Rocha's first request for an extension of time and was therefore permissible under Local Rule 144(c) ("The Court may, in its discretion, grant an initial extension *ex parte* upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary.").

## III.   CONCLUSION

Accordingly, plaintiff's request for reconsideration of the magistrate judge's May 13, 2021 order by the district judge (Doc. No. 53) is DENIED.

IT IS SO ORDERED.

Dated:   **August 4, 2021**                                   /s/ Dale A. Drozd
                                                              UNITED STATES DISTRICT JUDGE