UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE BENARD WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>HICKS, et al.,<br><br>　　　　Defendants. | 1:19-cv-00156-NONE-GSA-PC<br><br>**ORDER GRANTING DEFENDANT HICKS'S MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER (ECF No. 72.)**<br><br>**ORDER EXTENDING DISCOVERY DEADLINE AND DEADLINE TO FILE DISPOSITIVE MOTIONS FOR ALL PARTIES**<br><br>**New Discovery Deadline:**　　　　12/06/21<br><br>**New Dispositive Motions Deadline:**　02/06/22 |

**I.　BACKGROUND**

Tracye Benard Washington ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's Complaint filed on February 5, 2019 against defendants Sergeant David Hicks and Correctional Officer Hipolito Rocha ("Defendants") for use of excessive force in violation of the Eighth Amendment. (ECF No. 1.)[1]

---

[1] On June 22, 2020, the court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (ECF No. 19.)

1

On December 8, 2020, the court issued a Discovery and Scheduling Order establishing pretrial deadlines, including a discovery deadline of May 8, 2021 and a dispositive motions deadline of July 8, 2021. (ECF No. 28.) On January 19, 2021, the court issued an order extending the application of the Discovery and Scheduling Order to defendant Hicks.[2] (ECF No. 36.)

On May 7, 2021, defendant Rocha filed a motion to modify the court's Discovery and Scheduling Order. (ECF No. 44.) On May 10, 2021, defendant Hicks joined defendant Rocha's motion. (ECF No. 45.) On May 13, 2021, the court granted Defendants' motion and extended the discovery deadline to August 6, 2021, and the dispositive motions deadline to October 6, 2021. (ECF No. 46.)

On August 23, 2021, defendant Hicks filed a motion to modify the Discovery and Scheduling Order. (ECF No. 72.)

## II.   MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendant Hicks brings a motion to extend the deadlines in the Discovery and Scheduling Order to dates deemed appropriate following resolution of all pending discovery issues in this case. Three motions to compel and a motion for sanctions are currently pending. Plaintiff has made it clear he does not intend to respond to written discovery. Defendant Hicks argues that he will be prejudiced if the deadline for filing dispositive motions is not continued to permit receipt of written discovery responses from Plaintiff.

---

[2] Defendant Rocha filed an answer to the complaint on December 7, 2020, and defendant Hicks filed an answer to the complaint on December 23, 2020. (ECF Nos. 27, 36.)

The court finds good cause to extend the discovery and dispositive motions deadlines in the court's Discovery and Scheduling order. Defendant Hicks has shown that even with the exercise of due diligence he likely cannot meet the requirements of the court's Discovery and Scheduling Order. Therefore, the motion to modify the Discovery and Scheduling Order filed by defendant Hicks shall be granted.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant Hicks's motion to modify the court's Discovery and Scheduling Order, filed on August 23, 2021 by defendant Hicks is GRANTED;
2. The deadline for the completion of discovery is extended from August 6, 2021 **December 6, 2021** for all parties to this action;
3. The deadline for filing and serving pretrial dispositive motions is extended from October 6, 2021 to **February 6, 2022** for all parties to this action; and
4. All other provisions of the court's December 8, 2020 Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:   **August 31, 2021**                    **/s/ Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE