UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE BENARD WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>HICKS, et al.,<br><br>　　　　Defendants. | 1:19-cv-00156-NONE-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br>**(ECF No. 38.)** |

**I.　BACKGROUND**

Tracye Benard Washington ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's Complaint filed on February 5, 2019, against defendants Sergeant David Hicks and Correctional Officer Hipolito Rocha ("Defendants") for use of excessive force in violation of the Eighth Amendment. (ECF No. 1.)[1]

On December 7, 2020, Defendant Rocha filed an Answer, and on December 8, 2020, the court issued a Discovery and Scheduling Order, setting a discovery deadline of May 8, 2021 and a dispositive motions deadline of July 8, 2021. (ECF No. 28.) On December 23, 2020, Defendant

---

[1] On June 22, 2020, the court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (ECF No. 19.)

1

Hicks filed an Answer, and on January 18, 2021, the court issued an order extending application of the Discovery and Scheduling Order to Defendant Hicks. (ECF No. 36.)

On April 5, 2021, Plaintiff filed a motion to compel Defendant Hicks to provide further responses to Plaintiff's interrogatories and request for production of documents, and for sanctions. (ECF No. 38.) On April 26, 2021, Defendant Hicks filed an opposition to the motion. (ECF No. 40.)

**II.    MOTION TO COMPEL – LEGAL STANDARD**

The Federal Rules of Civil Procedure govern discovery in this civil action. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Id. (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. (quotation marks omitted).

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v.

Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack v. Virga, No.CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Id. However, the court is vested with broad discretion to manage discovery and notwithstanding these procedures, and Plaintiff is entitled to leniency as a *pro se* litigator; therefore, to the extent possible, the court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett, 296 F.3d at 751.

### III. PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS

Plaintiff argues that counsel for Defendant Hicks has refused to answer any interrogatory or provide any documents accessible to them. Plaintiff argues that counsel for Defendant Hicks has or should have access to information and records relative to Plaintiff's requests that are not generally available to Plaintiff such as personnel files, training records, photographs, and outdated but stored manuals from the period of the event at issue in this action.

Plaintiff has attached his interrogatories and request for production, together with Defendant Hicks' responses to his motion to compel. Plaintiff requests an order compelling Defendant Hicks to engage in discovery and to impose sanctions for Defendant Hicks' refusal to participate in informal discovery. Plaintiff also requests appointment of counsel to assist him with this litigation.

#### A. DEFENDANT HICKS'S OPPOSITION

Defendant Hicks argues that Plaintiff's motion should be denied because it is procedurally defective and Defendant Hicks provided timely and appropriate responses. Defendant avers that Plaintiff is incorrect in his assumptions that Defendant is simply unwilling to participate in the discovery process. Defendant asserts that Plaintiff failed to meet and confer

before filing the motion to compel, in violation of the court's discovery order, and Plaintiff's motion to compel fails to inform the court which discovery requests are the subject of the motion, and for each disputed response, why Defendant's objections were not justified.  Defendant asserts that he made a good faith effort to respond to Plaintiff's requests and has in fact acquired additional information and drafted supplemental responses, which are attached as exhibits to his opposition.

Defendant Hicks notifies the court that on February 9, 2021, Defendant Rocha provided his responses to Plaintiff's written discovery requests, including the following responsive documents:  (1) California Code of Regulations, Title 15, § 3365, Suicide Prevention and Response; (2) California Code of Regulations, Title 15, § 3268, Use of Force; (3) Department Operations Manual, Chapter 5, Article 2, Use of Force; (4) Mental Health Services Delivery System Program Guide Overview; (5) Mental Health Services Delivery System Program Guide, Chapter 10, Suicide Prevention and Response; (6) KVSP Local Operating Procedure No. 1056, mental Health Crisis Bed (MHCB) Unit and Transfer Process; and (7) Plaintiff's administrative grievance log number KVSP-18-00387.  (Exhs. 3, 4, and 5 to Declaration of Cecilia L. Martin in Support of Opposition by Defendant to Plaintiff's Motion to Compel. ("Martin Decl.," ECF No. 40 at 21 ¶ 3.)[2]  In addition, the Declaration of Brian Hancock in Support of Privilege Log, made by the litigation coordinator at KVSP, was provided to Plaintiff.  (Exh. 6 to Martin Decl, ECF No. 40 at 236.)  The Hancock Declaration specifically addressed Plaintiff's document requests relating to Defendant Rocha and Defendant's personnel records and employee disciplinary history through discovery in this action.  (Exhibit 6 to Martin Decl.)  It was explained that KVSP records reflect that no disciplinary reports and/or investigations exist as to Defendants Rocha and Hicks concerning the allegations in Plaintiff's lawsuit, nor were there any records that concerned matters *similar* to the allegations and claims in this lawsuit.  (Hancock Decl. at ¶¶ 6, 7, Exhibit 6 to Martin Decl. [emphasis added].)

---

[2] All page numbers cited herein are those assigned by the court's CM/ECF system and not based on the parties' pagination of their briefing materials.

Defendant reports that on February 16 and 22, 2021, Defendant Hicks served his responses to Plaintiff's written discovery. (Martin Decl. at 5.) As to Plaintiff's Requests for Production of Documents, in addition to making proper objections, Defendant stated that he was not in possession of any of the documents Plaintiff requested as his requests consisted of CDCR operations manuals from several years past, photographs from the investigation of the incident at issue in this litigation which Defendant did not take, never received or reviewed, and does not have access to, and recordings of radio calls made from three years ago in which Plaintiff simply claims that Defendant stated "Code 1." (Exh. to Martin Decl. at 5.) As to Plaintiff's interrogatories, Defendant argues that he made proper objections with the information in his possession and his understanding of the information sought at the time. Defendant has drafted supplemental responses in good faith and intends to serve such responses on Plaintiff following the court's decision on the instant motion. (Martin Decl., at 7.)

### B. Discussion

Plaintiff's motion to compel and for sanctions shall be denied. Plaintiff's motion is procedurally defective in that Plaintiff has not informed the court which discovery requests are the subject of the motion and for *each* disputed response, why the information sought is relevant, and why Defendant's objections were not justified. Moreover, Plaintiff has not replied to arguments in Defendant's opposition providing evidence that Defendants Hicks and Rocha have responded to Plaintiff's discovery requests and provided documents requested by Plaintiff.

## IV. PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests court-appointed counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

"exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiff seeks appointment of counsel because "it is apparent that Defendant intends to engage in a myriad of obstructionist maneuvers and delay tactics rather than streamline this case and seek justice rather than play a game of prejudice and bigotry." (ECF No. 38 at 3.) This is not an exceptional circumstance under the law. While the court has found that "Plaintiff states a cognizable claim against defendants Hicks and Rocha for use of excessive force," this finding is not a determination that Plaintiff is likely to succeed on the merits. (ECF No. 16 at 9:15-16.) Plaintiff's excessive force claims are not complex, and based on a review of the record in this case, Plaintiff can adequately articulate his claims and respond to court orders. Thus, the court does not find the required exceptional circumstances, and Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

## V. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel and for sanctions, filed on April 5, 2021, is denied; and

2. Plaintiff's motion for the appointment of counsel is denied without prejudice.

IT IS SO ORDERED.

Dated:   **December 13, 2021**                    **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE