UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE BENARD WASHINGTON,<br><br>           Plaintiff,<br><br>     vs.<br><br>HICKS, et al.,<br><br>           Defendants | 1:19-cv-00156-NONE-GSA-PC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL IN PART (ECF No. 41.)**<br><br>**FORTY-FIVE-DAY DEADLINE FOR DEFENDANT ROCHA TO PRODUCE DOCUMENTS REQUESTED BY PLAINTIFF IN HIS REQUEST FOR PRODUCTION OF DOCUMENT, SET ONE, NO. 2, PURSUANT TO THIS ORDER** |

**I.     BACKGROUND**

Tracye Benard Washington ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's original Complaint filed on February 5, 2019, against defendants Sergeant David Hicks and Correctional Officer Hipolito Rocha ("Defendants") for use of excessive force in violation of the Eighth Amendment.  (ECF No. 1.)[1]

On December 7, 2020, Defendant Rocha filed an Answer to the Complaint. On December 8, 2020, the court issued a Discovery and Scheduling Order setting a discovery deadline of May 8, 2021 and a dispositive motions deadline of July 8, 2021.  (ECF No. 28.)  On December 23,

---

[1] On June 22, 2020, the court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim.  (ECF No. 19.)

1

2020, Defendant Hicks filed an Answer to the Complaint, and on January 18, 2021, the court issued an order extending application of the Discovery and Scheduling Order to Defendant Hicks. (ECF No. 36.)

On April 29, 2021, Plaintiff filed a motion to compel Defendant Rocha to produce documents pursuant to Plaintiff's Request for Production of Documents, Set One, No. 2. (ECF No. 41.) On May 20, 2021, Defendant Rocha filed an opposition to the motion. (ECF No. 50.) On May 24, 2021, Plaintiff replied to the opposition. (ECF No. 52.)

**II.    MOTION TO COMPEL – LEGAL STANDARD**

The Federal Rules of Civil Procedure govern discovery in this civil action. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted).

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, A party seeking discovery may move for an order compelling a discovery response when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v.

Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  Id.  However, the court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a *pro se* litigator; therefore, to the extent possible, the court endeavors to resolve his motion to compel on its merits.  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett, 296 F.3d at 751.

### III. PLAINTIFF'S MOTION TO COMPEL

Plaintiff requests an order pursuant to Rule 37 of the Federal Rules of Civil Procedure compelling Defendant Rocha to produce documents in response to Plaintiff's Request for Production, Set one, No. 2.  Plaintiff requests the production of Defendant Rocha's CDCR personnel files/records regarding prior claims against him within five years prior to the events at issue in this case.

Plaintiff claims that Defendant is objecting to and refusing to provide documents pursuant to his request.  Attached to the motion to compel, Plaintiff has submitted exhibits including his Request for Production of Documents (Set One), Defendant Rocha's responses, and the Privilege Log for Defendant Rocha submitted by B. Hancock, Litigation Coordinator at Kern Valley State Prison, on behalf of Defendant Rocha.  Following is Plaintiff's Request for Production of Documents, No. 2 of Set One, and Defendant Rocha's response.

**REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, NO. 2:**

"Produce the CDCR Personel (*sic*) file/records of Defendant H. Rocha; to include any and all material and information regarding any prior claims within five yeard (*sic*) prior the events in this civil action which reveal (1) allegations of

use of illegal, unnecessary or excessive force against a prisoner (2) perjury (3) falsifying evidence (4) false statements (5) criminal convictions (6) admonishments (6) (*sic*) suspensions (7) drug abuse falsifying documents (8) tampering with evidence (9) destroying evidence.  All while employed by CDCR pursuant to California Senate Bill 1421, Evidence Code 1043, Pitchess v. Superior Court (1974) 11 Cal 3d 531 and National Lawyers Guild v. City of Hayward (2020) California Supreme Court.  Good cause existing."

(ECF No. 41 at 7:17-25.)

**DEFENDANT ROCHA'S RESPONSE TO REQUEST NO. 2, SET ONE:**

"Objection.  The claims in this lawsuit involve a use of force on February 6, 2018.  Documents regarding allegations of misconduct during other incidents are not relevant to any party's claim or defense, and are not proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  Producing other non-party inmates' grievances to Plaintiff also violates the privacy rights of those inmates and implicates institutional security concerns.  Defendant further objects that Plaintiff has access to his own prison records concerning the incidents in this case under California Code of Regulations, title 15 § 3370.  Personnel-related files are also subject to the qualified privilege of official information and federal common law privilege.  Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1991).  Such records are also protected by the privacy rights of staff under applicable California statutes, including Penal Code §§ 832.7 and 838.8, Government Code § 6254, and Civil Code §§ 1798.24, as well as California Code of Regulations, Title 15 §§ 3321, 3370, 3400, and 3450.  Personnel files for peace officers are also protected under California Evidence Code §§ 1040, 1043, and 1046."

Consistent with these objections, Defendant withholds the following records:

- Report of unrelated personnel matter for Hicks regarding incident on August 21, 2013

4

- Report of unrelated personnel matter for Hicks regarding incident on January 27 and 28, 2014
- Report of unrelated personnel matter for Hicks regarding incident September 18, 2016
- Report of unrelated personnel matter for Hicks regarding incidents on September 11, 2018, and September 12, 2018
- Report of unrelated personnel matter for Rocha regarding incidents on September 11 and 12, 2018, and February 12, 2019
- Confidential Supplement to CDCR Form 602 log number KVSP-18-00387

Without waiving these objections, Defendant produces the following records:

- Plaintiff's administrative grievance log number KVSP-18-00387 (Bates AGO001-035)

(Id. at 7:28-8:26.)

**IV.   PLAINTIFF'S POSITION**

Plaintiff asserts that the allegations made in this lawsuit accuse two California State Prison guards of using illegal, unnecessary, and excessive force upon Plaintiff with callous and evil intent causing serious bodily injury.  To prove that these officers acted illegally and callously, Plaintiff requested information from Defendants regarding their past history while employed with the California Department of Corrections and Rehabilitation.  Plaintiff argues that his request is not burdensome, overreaching, or privileged.  Plaintiff cites law supporting the proposition that the State Attorney General must disclose police misconduct files.

Plaintiff notes that the privilege log and declaration by B. Hancock reveal that both Defendants Rocha and Hicks together were involved in a reported use of force incident in moving an inmate other than Plaintiff on September 11 and September 12, 2018, just seven months after the incident for which this lawsuit is brought.

///

## V. DEFENDANT ROCHA'S OPPOSITION

Defendant Rocha argues that Plaintiff's motion to compel should be denied because Plaintiff requests records for a totally unrelated event that occurred seven months after the incident in this case; he did not attempt to resolve the dispute with Defendants via writing; he failed to identify why the sought-after information is relevant to this action; he failed to discuss why Rocha's objections are not justified; he failed to provide any justification to overcome the dangers of production discussed in the declaration supporting the privilege log; and he failed to show how the case law cited in his motion favors production in this discovery dispute.

Defendant refers to the Declaration of B. Hancock, Litigation Coordinator at KVSP, served on Plaintiff, which supports Defendant's objections to disclosure of the records pursuant to the qualified privilege for official information recognized in federal common law, as required under Kerr v. U.S. Dist. Court for the N. Dist. Of Cal., 511 3d 192, 197 (9th Cir. 1975). (ECF No. 41 at 17.) Defendant asserts that consistent with the requirements of Kerr, Hancock's declaration included: "(1) an affirmation that the agency has maintained the confidentiality of the documents at issue; (2) a statement that the official has personally reviewed the documents; (3) a specific identification of the governmental or privacy interests that would be compromised by production; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to these interests; and (5) a projection of how much harm would be done to these interests is the disclosure were made." Id.

## VI. DISCUSSION

Defendant Rocha argues that the CDCR Personnel file/records sought by Plaintiff are privileged. Rather than provide the documents, Defendant served Plaintiff with a privilege log that identified the documents withheld as: (1) Report of personnel matter regarding incident on August 21, 2013; (2) Report of personnel matter for Defendant Hicks regarding incident on January 27 and 28, 2014; (3) Report of personnel matter for Defendant Hicks regarding incident on September 18, 2016; (4) Report of unrelated personnel matter for Defendant Hicks regarding incidents during September 2018; (5) Report of unrelated personnel matter for Defendant Rocha regarding incidents during September 2018 and February 2019; and (6) Confidential Supplement

to CDCR Form 602 log number KVSP-18-00387.  (ECF No. 41 at 11-16.)  Defendant did produce Plaintiff's administrative grievance log number KVSP-18-00387.

The privilege log asserts the following privileges:  (1) Official information privilege; (2) Federal common law; (3) Government Code § 6254; (4) Penal Code §§ 832.7, 832.8; (5) Civil Code §§ 1798.24; (6) Evidence Code § 1040; (7) California Code of Regulations, Title 15, §§ 3321, 3370, 3400, and 3450; (8) CDCR DOM §§ 13030.4, 13030.14, and 13030.19; and (9) Privacy of employment-personnel records.  (Id.)

Federal common law recognizes a qualified privilege for official information. Kerr, 511 F.2d at 198. In determining what level of protection should be afforded by this privilege, courts conduct a case-by-case balancing analysis, in which the interests of the party seeking discovery are weighed against the interests of the governmental entity asserting the privilege. Soto v. City of Concord, 162 F.R.D. at 613–14.  The balancing test "is moderately pre-weighted in favor of disclosure." Kelly v. San Jose, 114 F.R.D. 653, 661 (N.D. Cal. 1987).  However, before a court will engage in this balancing of interests, the party asserting the privilege must properly invoke the privilege by making a "substantial threshold showing." Soto, 162 F.R.D. at 613.  The privilege "must be formally asserted and delineated in order to be raised properly," and the party opposing disclosure must "state with specificity the rationale of the claimed privilege." Kerr, 511 F.2d at 198.

In order to fulfill the threshold requirement, the party asserting the privilege must submit a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit. Id. "The claiming official must 'have seen and considered the contents of the documents and himself have formed the view that on grounds of public interest they ought not to be produced' and state with specificity the rationale of the claimed privilege." Kerr, 511 F.2d at 198. The affidavit must include: "(1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted

protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made." Soto, 162 F.R.D. at 613 (quoting Kelly, 114 F.R.D. at 670.

The party resisting discovery must specifically describe how disclosure of the requested information in that particular case would be harmful. Soto, 162 F.R.D. at 613-14. If the opposing party fails to meet the threshold burden requirement of establishing cause to apply the privilege, the privilege will be overruled. Chism v. County of San Bernardino, 159 F.R.D. 531, 533 (C.D. Cal. 1994). Ordinarily, a "party asserting an evidentiary privilege has the burden to demonstrate that the privilege applies to the information in question." Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir.1988) (citing United States v. Hirsch, 803 F.2d 493, 496 (9th Cir. 1986); In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011) (explaining that "the party opposing disclosure has the burden of establishing that there is good cause to continue the protection of the discovery material").

"State privilege doctrine, whether derived from statutes or court decisions, is not binding on federal courts in these kinds of cases." Kelly, 114 F.R.D. at 655.

Defendant argues that disclosure of the CDCR Personnel file/records requested by Plaintiff would present a serious threat to the safety and security of the prisons under its management and would hinder CDCR's ability to conduct accurate and reliable investigations. In support of this argument Defendant refers the court to the declaration of B. Hancock, Litigation Coordinator at Kern Valley State Prison in Delano, California. (Hancock Decl., ECF No. 41 at 17.)

In relevant part, B. Hancock states,

10. Information and documents regarding staff discipline, as well as investigations into such matters, are confidential. Such information is maintained as confidential to encourage witnesses to make truthful statements, and to encourage investigating staff to accurately report their findings. Disclosing this type of information would hinder CDCR's ability to conduct accurate and reliable investigations, which could jeopardize the safety and security of the prisons under its management.

11. An officer's personnel-related information is also protected by law, including under the California Public Safety Officers Bill of Rights (Cal. Gov. Code §§ 3300-3313), California Penal Code sections 832.7, 832.8, as well as Title 15 of the California Code of Regulations.

12. This information may also contain personal information of staff members, which is also protected by the Information Practices Act of 1977, codified by California Civil Code sections 1798 *et seq.* This Act prohibits public agencies from disclosing "any personal information in a manner that would link the information disclosed to the individual to whom it pertains." Cal. Civ. Code § 1798.24. The term "personal information" is defined by section 1798.3(a) of the California Civil Code to mean:

> [A]ny information that is maintained by an agency that identifies or describes an individual, including, but not limited to, his or her name, social security number, education, financial matters, and medical or employment history. It includes statements made by, or attributed to, the individual.

13. Moreover, as a practical matter, staff members' personal information is kept confidential from inmates because there is a danger that the information will be distributed throughout the prison population, and that some inmates may use this information to cause harm to staff members, their families, or their property. If correctional staff members' personal information were routinely disclosed in inmate civil-rights suits – which are exceedingly numerous – it would make it far more difficult for CDCR to recruit and retain qualified staff to work in California's prisons.

14. Disclosure of such personal information would also educate inmates on the methods by which staff are evaluated and investigated. Armed with this information, inmates could falsely accuse staff members or otherwise manipulate the investigation process, thereby hampering further investigations.

15. Additionally, releasing private, personal information of correctional staff would undermine their authority, and interfere with their ability to do an already difficult job.

16. Because the disclosure of such personal information would endanger the safety of inmates and CDCR employees, would jeopardize the security of correctional facilities, and would violate the privacy rights of the employees whose personal information is being sought, the information should not be disclosed.

17. Given the very sensitive nature of the information sought by Washington, a protective order, even if carefully crafted, would not lessen the danger posed to correctional staff and to the prison as a whole if this information is provided to him. Washington should not have access to such information. Furthermore, Washington has little incentive not to provide this information to other inmates, or former inmates, particularly because such information could be very valuable and traded for money or favors. Therefore, the disciplinary reports and investigations concerning Hicks and Rocha, that are not related to the allegations or claims in this action, should not be produced to Washington. (Hancock Decl., ECF No. 41 at 18-20.)

In reply to Defendant Rocha's opposition Plaintiff first asserts that when he made an informal request for production of the records he seeks, Defendant Rocha responded and objected on grounds of relevance and privilege. Plaintiff saw no need to confer or meet with Defendant.

Next, Plaintiff argues that Defendants are not entitled to any privilege or privacy in light of California's Senate Bill 1421 and the California Public Records Act, which revised the state's law on privilege and confidentiality of peace officer personnel records. Plaintiff also contends that he is entitled to information available to the public under the same circumstances, and denying him access to the records would deny him a fair trial and presentation of his case.

The Court finds that the privilege log and supporting declaration produced by Defendant Rocha are adequate to invoke the official information privilege. To invoke the privilege, the government must provide a declaration establishing the five elements of the Kelly test. See Kelly, 114 F.R.D. at 669–70. Here, the declarant, B. Hancock, declares that he or she personally reviewed the material in question, as required by element 2 of the Kelly test. The court also finds that Defendant has satisfied the other elements of the Kelly test in B. Hancock's declaration. Accordingly, the Court finds that Defendant has made a "substantial threshold showing" as a

///

basis for withholding documents under the official information privilege. Responsive documents may, of course, be produced pursuant to a protective order.

However, even if Defendant has made a substantial threshold showing, this does not overcome the pre-weighted balancing test in favor of disclosure. The potential for harm does not outweigh the strong public policy in favor of uncovering civil rights violations. Notably, Plaintiff is unable to acquire records from Defendant's personnel records by any other means. The sought-after information has a high degree of potential significance to Plaintiff's case. In an excessive force case such as this, the relevance and discoverability of officers' disciplinary records, including unfounded complaints and allegations of misconduct, are widely recognized. See, e.g., Gibbs v. City of New York, 243 F.R.D. 95 (S.D.N.Y.2007); Frails v. City of New York, 236 F.R.D. 116 (E.D.N.Y.2006); Floren v. Whittington, 217 F.R.D. 389 (S.D.W.Va. 2003); Hampton v. City of San Diego, 147 F.R.D. 227 (S.D.Cal.1993). Nevertheless, "[f]ederal courts are not insensitive to privacy [rights] that arise in discovery matters. . . but these rights must be balanced against the great weight afforded to federal law in civil rights cases against corrections officials." Ibanez v. Miller, 2009 WL 1706665, at *3 (E.D.Cal. June 17, 2009) (citing Soto, 162 F.R.D. at 613).

Here, the Court finds the following records, if they exist, should be produced: past records of using excessive force against inmates (see, below); past and current records of perjury, falsifying evidence, false statements, tampering with evidence and/or destroying evidence, as all are relevant to the case at hand. However, Plaintiff has not shown, and the court does not find, that claims of excessive force against Defendant Rocha for incidents occurring *after* the alleged excessive force incident at issue in this case, nor records of criminal convictions, admonishments, suspensions or drug abuse are relevant to Plaintiff's excessive force claim in this case.

Defendant Rocha shall be required to provide Plaintiff with Defendant Rocha's CDCR personnel records of prior claims of excessive force during the five-year period *before* February 6, 2018, the date that Defendants Hicks and Rocha allegedly used excessive force against Plaintiff. Recognizing the privacy rights of witnesses in the reports, as well as the potential for harm to these witnesses, the Court finds it appropriate to permit Defendant Rocha to redact the

names, prisoner identification numbers, and any other identifying information for persons who are not a party to this action. Defendant Rocha shall be required to provide Plaintiff with the above information within 45 days.

Defendant Rocha is not required to produce records of claims that Defendant Rocha used excessive force *after* February 6, 2018, or criminal convictions, admonishments, suspensions, or drug abuse.

Defendant may argue that no documents responsive to Plaintiff's request are in Defendant's possession, custody, or control. Defendants must produce documents which are in their "possession, custody or control." Fed. R. Civ. P. 34(a). Actual possession, custody or control is not required, however. Ochotorena v. Adams, 1:05-cv-05124-LJO-DLB (PC), 2010 WL 1035774 at *3 (E.D. Cal. 2010.) "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document. Id. (quoting Soto v. City of Concord, 162 F.R.D. 603, 620 (N.D.Cal. 1995)). As this Court explained in Allen v. Woodford, 2007, U.S. Dist. LEXIS 11026, *4-6, 2007 WL 309945, *2 (E.D.Cal. Jan.30, 2007) Id. ( internal citations and quotations omitted):

> "Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand. A party having actual possession of documents must allow discovery even if the documents belong to someone else; legal ownership of the documents is not determinative. Control need not be actual control; courts construe it broadly as the legal right to obtain documents upon demand. Legal right is evaluated in the context of the facts of each case. The determination of control is often fact specific. Central to each case is the relationship between the party and the person or entity having actual possession of the document. The requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them. This position of control is usually

///

   the result of statute, affiliation or employment. Control may be established by the existence of a principal-agent relationship."

Ochotorena, 2010 WL 1035774 at *4 (quoting Allen, 2007, U.S. Dist. LEXIS 11026, *4-6).

  The specific facts of this action, however, render such an objection unfounded. Id. By virtue of their employment with non-party CDCR, Defendant Rocha is represented by the Attorney General's Office. Id. It is this Court's experience that either individual defendants who are employed by CDCR and/or the Attorney General can generally obtain documents, such as the ones at issue here, from CDCR by requesting them. Id. If this is the case, then, based on their relationship with CDCR, they have constructive control over the requested documents and the documents must be produced. Id. (citing see e.g., Mitchell v. Adams, 2009 U.S. Dist. LEXIS 24289, * 24-25, 2009 WL 674348, *9 (E.D.Cal. Mar.6, 2009) (even though defendant warden was sued in his individual capacity, he had constructive control over requested documents because he had authority to obtain the requested documents from third party CDCR); see also Gray v. Faulkner, 148 F.R.D. 220, 223-224 (N.D.Ind. 1992) (requiring certification that responding party "have conducted a search for the information reasonably available to them through their agents, attorneys, or others subject to their control and have determined that the information requested either does not exist or that it has been produced.")

## V. CONCLUSION

  Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed on April 29, 2021, is granted in part, subject to the limitation that Plaintiff's Request for Production of Documents, Set One, No. 2, is narrowed to include only those items that are listed above;

2. Within forty-five days from the date of service of this order, Defendant Rocha is required to produce records which are listed above to Plaintiff, pursuant to Plaintiff's Request for Production of Documents, Set One, No. 2, from Defendant Rocha's CDCR personnel file, including of any claim that Defendant Rocha used excessive force during the five-year period prior to February 6, 2018;

3. Defendant Rocha is not required to produce records of claims that Defendant Rocha used excessive force *after* February 6, 2018, or records of criminal convictions, admonishments, suspensions, or drug abuse;

4. Defendant Rocha shall redact the names, prisoner identification numbers, and any other identifying information from records provided to Plaintiff, for persons who are not a party to this action; and

5. If after double-checking with the appropriate departments and/or prison administrators, Defendant stands by his contention that production of documents ordered produced herein will jeopardize the safety and/or security of any CDCR facility, staff, and/or inmates, Defendant shall so notify the Court within thirty days from the date of service of this order and the Court may upon request conduct an in camera examination prior to release.

IT IS SO ORDERED.

Dated: __December 15, 2021__          __/s/ Gary S. Austin__
                                   UNITED STATES MAGISTRATE JUDGE