UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE BENARD WASHINGTON,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>HICKS, et al.,<br><br>　　　　　Defendants. | 1:19-cv-00156-NONE-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AND DEFAULT JUDGMENT UNDER RULE 37**<br>**(ECF No. 59.)** |

**I.　BACKGROUND**

　　Tracye Benard Washington ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's original Complaint filed on February 5, 2019, against defendants Sergeant David Hicks and Correctional Officer Hipolito Rocha ("Defendants") for use of excessive force in violation of the Eighth Amendment. (ECF No. 1.)[1]

　　On July 12, 2021, Plaintiff filed a motion for sanctions and for default judgment under Rule 37 of the Federal Rules of Civil Procedure for obstruction of justice. (ECF No. 59.) On August 2, 2021, Defendant Hicks filed an opposition to the motion. (ECF No. 65.) On August

---

[1] On June 22, 2020, the court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (ECF No. 19.)

5, 2021, Defendant Rocha filed an opposition to the motion. (ECF No. 66.) On August 13, 2021, Plaintiff filed a reply to Defendants' oppositions. (ECF No. 71.)

Plaintiff's motion is now before the court. Local Rule 230(*l*).

## II.  PLAINTIFF'S MOTION FOR SANCTIONS AND DEFAULT JUDGMENT – RULE 37

### A.  Legal Standard

The Federal Rules of Civil Procedure govern discovery in this civil action. Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party seeking discovery may move for an order compelling a discovery response when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). If the motion to compel is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A).

If a Court orders a party to respond to discovery, and the party fails to obey the Court's order, then broad sanctions may be imposed. Fed. R. Civ. P. 37(b)(2)(A). The sanctions may include rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(vi).

### B.  Plaintiff's Position

Plaintiff requests the court to impose sanctions on Defendants for failing to identify the CNA (Certified Nursing Assistant) who was monitoring Plaintiff on February 5 and 6, 2018, and for failing to produce the CNA's suicide watch observation notes. Plaintiff asserts that he asked both of the Defendants to provide this information, and he was unable to obtain the information from CDCR Healthcare Services. He alleges that he made written requests at Kern Valley State Prison and received responses that the records were not in his medical records and no files exist. Plaintiff claims that he also made a request to both Defendants Hicks and Rocha via his Request to Defendant Hicks for Production of Documents No. 4. (ECF No. 59 at 14 ¶ IV.) Plaintiff

contends that these records are relevant to his case because the CNA was present when he was subjected to excessive force, and any written report of his observations should be included in the same crime/incident report as those reviewed by Defendant Hicks for his signature of approval.

### C. **Defendant Hicks**

Defendant Hicks contends that Plaintiff's motion for sanctions and default judgment is simply a follow-up to his April 5, 2021 motion to compel and request for sanctions and is therefore duplicative and should be denied as such.[2]

### **Discussion**

Plaintiff's April 5, 2021 motion to compel sought to compel Defendant Hicks to provide further responses to Plaintiff's requests for production of documents, set one, Nos. 3 and 4, which follow here. (ECF No. 38.)

**PLAINTIFF'S REQUEST FOR PRODUCTION, SET ONE, NO. 3:**

Produce the name of the medical staff who was stationed outside of cell C4-113 at KVSP February 6, 2018 performing his duties by monitoring Plaintiff from outside of the cell door.

**PLAINTIFF'S REQUEST FOR PRODUCTION, SET ONE, NO. 4:**

Produce the monitoring/observation notes taken by the medical staff who was stationed outside of cell C4-113 at KVSP conducting his observation of Plaintiff and documenting his behavior on a laptop computer on February 5, 2018 through February 6, 2018.

Plaintiff's present motion for sanctions is based on Defendant Hicks' alleged failure to provide responses to these same two discovery requests, which are duplicative of requests resolved in Plaintiff's April 5, 2012 motion to compel, which was denied on December 13, 2021. (ECF No. 80.) Because the motion was denied on December 13, 2021, Plaintiff's present motion for sanctions against Defendant Hicks is moot.

---

[2] Defendant Hicks asserts in his opposition that the April 5, 2021 motion to compel and request for sanctions have not yet been decided by the court. (ECF No. 65 at 1:28-2:1.) However recently, on December 13, 2021, the court denied Plaintiff's April 5, 2021 motion. (ECF No. 80.)

Moreover, Plaintiff is not entitled to sanctions against Defendant Hicks under Rule 37(a)(5)(A) because the April 5, 2021 motion to compel was denied and Plaintiff has not reported that the requested discovery was provided after the motion was filed ("If the motion to compel is granted – or the requested discovery was provided after the motion was filed. . .the court must . . .require the party . . .whose conduct necessitated the motion . . .to pay the movant's reasonable expenses incurred in making the motion").  Nor is Plaintiff entitled to sanctions against Defendant Hicks under Rule 37(b)(2)(A), because Defendant Hicks has not failed to obey a court order to respond to discovery ("If a Court orders a party to respond to discovery, and the party fails to obey the Court's order, then broad sanctions [including default judgment] may be imposed").

Accordingly, Plaintiff is not entitled to sanctions, and Plaintiff's motion for sanctions and default judgment under Rule 37 against Defendant Hicks shall be denied.

### D. **Defendant Rocha**

Defendant Rocha argues that Plaintiff's motion for sanctions fails to identify any specific discovery request to Defendant Rocha that is the subject of this motion or identify any specific response to a discovery request that is disputed; and the court has not entered an order compelling Defendant Rocha to produce additional records, which is necessary to trigger the sanctions available under Rule 37(b).

Defendant's argument has merit.  Plaintiff has not alleged any facts demonstrating that he served a discovery request on Defendant Rocha requesting the name of the CNA or requesting production of the written notes taken by the CNA when he observed Plaintiff during a suicide watch.  There also is no evidence that the court issued an order requiring Defendant Rocha to produce additional records or respond to interrogatories propounded on him.  Therefore, Plaintiff is not entitled to sanctions or default judgment against Defendant Rocha under Rule 37 for failure to provide information to Plaintiff or for the tampering, destruction, and loss of critical material evidence related to this case.  Accordingly, Plaintiff's motion for sanctions and default judgment against Defendant Rocha shall be denied.

///

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for sanctions and default judgment against Defendants Hicks and Rocha, filed on July 14, 2021, is denied.

IT IS SO ORDERED.

Dated:  __December 18, 2021__               _____/s/ Gary S. Austin_____
                                            UNITED STATES MAGISTRATE JUDGE