UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE BENARD WASHINGTON,<br><br>       Plaintiff,<br><br>   vs.<br><br>HICKS, et al.,<br><br>       Defendants. | 1:19-cv-00156-NONE-GSA-PC<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTIONS TO COMPEL DISCOVERY**<br>**RESPONSES**<br>**(ECF Nos. 60, 63.)**<br><br>**ORDER DENYING DEFENDANTS'**<br>**REQUESTS FOR SANCTIONS, WITHOUT**<br>**PREJUDICE** |

**I.   BACKGROUND**

Tracye Benard Washington ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's original Complaint filed on February 5, 2019, against defendants Sergeant David Hicks and Correctional Officer Hipolito Rocha ("Defendants") for use of excessive force in violation of the Eighth Amendment. (ECF No. 1.)[1]

---

[1] On June 22, 2020, the court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (ECF No. 19.)

1

On December 8, 2020, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a discovery deadline of May 8, 2021 and a dispositive motions deadline of July 8, 2021. (ECF No. 28.)  On January 19, 2021, the court issued an order extending the application of the Discovery and Scheduling Order as to defendant Hicks.[2] (ECF No. 36.)

On May 7, 2021, defendant Rocha filed a motion to modify the court's Discovery and Scheduling Order. (ECF No. 44.) On May 10, 2021, defendant Hicks joined in defendant Rocha's motion. (ECF No. 45.)  On May 13, 2021, the court granted Defendants' motion and extended the discovery deadline to August 6, 2021, and the dispositive motions deadline to October 6, 2021.  (ECF No. 46.)

On August 23, 2021, defendant Hicks filed another motion to modify the Discovery and Scheduling Order. (ECF No. 72.)  On September 1, 2021, the court granted the motion and extended the discovery deadline to December 6, 2021, and the dispositive motions deadline to February 6, 2022.

On July 14, 2021, Defendant Rocha filed a motion to compel.  (ECF No. 60.)  On July 27, 2021, Defendant Hicks joined in Defendant Rocha's motion to compel.  (ECF No. 63.)  On July 29, 2021, Plaintiff filed an opposition to Defendant Rocha's motion to compel.  (ECF No. 64.)  On August 5, 2021, Defendant Rocha filed a reply to Plaintiff's opposition.  (ECF No. 68.)  On August 6, 2021, Plaintiff filed an opposition to Defendant Hicks' motion to compel.  (ECF No. 70.)

Defendants' motions to compel are now before the court.  Local Rule 230(*l*).

**II.    MOTION TO COMPEL**

Plaintiff is a state prisoner proceeding *pro se* with this civil rights action challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute.  Perez v. Smith, No.

---

[2] Defendant Rocha filed an answer to the complaint on December 7, 2020, and defendant Hicks filed an answer to the complaint on December 23, 2020. (ECF Nos. 27, 36.)

120CV00840DADSABPC, 2021 WL 4635918, at *1 (E.D. Cal. Sept. 29, 2021) (citing Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251).

Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. Id. (citing see Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order)).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Id. (citing Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted)). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information,

the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Id. (citing Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008)). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Id. (citing Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4). However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a *pro se* litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Id. (citing Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)).

### ***Court's Scheduling Order***

The court's Discovery and Scheduling Order, issued on December 8, 2020, instructed the parties that "[r]esponses to written discovery requests shall be due 30 calendar days after the request is served." (ECF No. 28 at 2:5.) The parties were also informed that "Local Rule 251 and the requirements set forth in Federal Rules of Civil Procedure 26 and 37− that a party certify he/she has conferred in good faith or attempted to confer with the opponent in an effort to resolve the dispute prior to seeking court action − shall not apply unless otherwise ordered. Nevertheless, voluntary compliance with this provision of Federal Rules of Civil Procedure 26 and 37 is encouraged." (Id. at 2:18-21.)

///

### B. **Defendants' Motions**

Defendant Rocha seeks an order compelling Plaintiff to serve responses without objection to Defendant Rocha's first set of interrogatories, first set of requests for production of documents, and second set of interrogatories, on the grounds that Plaintiff has completely failed to provide any responses. Defendant Rocha served a first set of interrogatories and a first set of requests for production of documents directed to Washington on May 25, 2021. Defendant Rocha also served a second set of interrogatories and a first set of requests for admissions directed to Plaintiff on June 7, 2021. Plaintiff's time to respond expired and he completely failed to provide any responses. Plaintiff also communicated to counsel for Defendant Rocha in writing that he does not intend to provide responses. Defendant Rocha also moves under Federal Rule of Civil Procedure 37(a)(5) for an order requiring Plaintiff to pay Defendant Rocha's reasonable expenses incurred in making this motion in the sum of $880.00.

Defendant Hicks joined Defendant Rocha's motion to compel on July 12, 2021. (ECF No. 63.) Defendant Hicks seeks an order compelling Plaintiff to serve responses to Defendant Hicks' first set of interrogatories, first set of requests for admissions, and first set for requests for production of documents served on Plaintiff on June 7, 2021. (Decl. of Cecilia Martin, ¶ 5.) Defendant Hicks asserts that Plaintiff failed to provide any responses to Defendant Hicks' discovery requests by the July 12, 2021 deadline, but instead, communicated his outright refusal to respond in a letter sent to counsel for Defendant Rocha dated June 17, 2021. (Martin Decl., ¶¶ 6, 7.) Defendant Hicks moves to compel Plaintiff to respond to Defendant Hicks' discovery requests and also moves under Federal Rule of Civil Procedure 37(a)(5) for an order requiring Plaintiff to pay Defendant Hicks' reasonable expenses incurred in bringing this joinder. Counsel for Defendant Hicks reports that she spent at least 4.0 hours preparing the joinder to Defendant Rocha's motion to compel at the current billing rate of $250.00 per hour, for a total of $1,000.00. (Martin Decl., ¶¶ 10, 11.)

### C. **Plaintiff's Opposition**

Plaintiff claims that on May 5, 2021, Deputy Attorney General Goodwin forced him to participate in a seven-hour deposition hearing. Plaintiff asserts that every question Mr. Goodwin

now seeks by interrogatory was either responded to or available to him by authority to access Plaintiff's prison records.

Plaintiff also objects to the magistrate judge's May 13, 2021 order granting Defendants' motion to extend the discovery deadline from May 8, 2021 until August 6, 2021, and seeks to appeal the order to the district judge. For this reason, Plaintiff argues that Defendant Hicks is not entitled to file a motion to compel discovery because Defendant Hicks did not propound discovery to Plaintiff prior to the May 8, 2021 discovery cut-off date.

Plaintiff also contends that because Defendant Hicks did not join in Defendant Rocha's request for a deposition, Defendant Hicks has no standing to file a motion to compel. In addition, Plaintiff alleges that Mr. Goodwin seeks favoritism by the magistrate judge, who should be recused, and that Defendants should have provided Plaintiff with a copy of his deposition transcript.

**D.     Discussion**

Defendants correctly state that the following issues raised by Plaintiff were previously resolved: Plaintiff's objections to the magistrate judge's order granting an extension of discovery; Plaintiff's appeal to the district judge; and bias by and request for recusal of the magistrate judge. Plaintiff's objections to the magistrate judge's order granting an extension of discovery were resolved by the magistrate judge's order issued on May 24, 2021. (ECF No. 51.) Plaintiff's appeal to the district judge was resolved by the district judge's order issued on August 5, 2021. (ECF No. 67). And Plaintiff's allegations of bias and request for recusal of the magistrate judge were resolved by the court's orders issued on May 27, 2021. (ECF No. 54, 55.)

Plaintiff's argument that Defendants should have provided him with a copy of his entire deposition transcript along with the motion to compel is without merit. Defendants are not obligated to provide Plaintiff with a free copy of his deposition, and it is sufficient that Defendants attached the pertinent excerpts of Plaintiff's deposition transcript to the motion to compel. Plaintiff must obtain a copy of his deposition transcript from the officer before whom the deposition was taken, upon payment of reasonable charges, not from Defendants. See Claiborne v. Battery, No. CIV S–06–2919, 2009 WL 530352 at *3 (E.D.Cal. Mar.3, 2009)

(denying plaintiff's request for a court order directing the defendant to provide him with a copy of his deposition transcript); Brown v. Castillo, No. CV F02–6018 AWI DLB, 2006 WL 1408452 at *1 (E.D.Cal. May 22, 2006) (same).

Here, it is clear that Plaintiff has entirely failed to respond to Defendant Rocha's first set of interrogatories and first set of requests for production of documents, served on Plaintiff on May 25, 2021, and second set of interrogatories served on Plaintiff on June 7, 2021; and Defendant Hicks' first set of interrogatories, first set of requests for admissions, and first set for requests for production of documents served on Plaintiff on June 7, 2021; and did not seek an extension of time to do so. In his replies, Plaintiff does not provide a valid reason why he should not be required to respond.

Therefore, based on the evidence set forth above by Defendants Rocha and Hicks, the court finds that Plaintiff failed to timely respond to Defendants' discovery requests thus waiving any objections. Therefore, Defendants' motion to compel shall be granted.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants Rocha and Hicks' motions to compel, filed on July 14, 2021, and July 27, 2021, respectively, are granted;
2. Within thirty days from the date of service of this order, Plaintiff is required to respond to:
   (1) Defendant Rocha's first set of interrogatories and first set of requests for production of documents, served on Plaintiff on May 25, 2021;
   (2) Defendant Rocha's second set of interrogatories served on Plaintiff on June 7, 2021; and
   (3) Defendant Hicks' first set of interrogatories, first set of requests for admissions, and first set of requests for production of documents served on Plaintiff on June 7, 2021;

3. Defendant Hicks' first set of requests for admissions, served on Plaintiff on June 7, 2021, is deemed admitted under Rule 36(a)(3) of the Federal Rules of Civil Procedure;

4. No objections by Plaintiff to the discovery requests are permitted; and

5. Defendants' motions for sanctions are denied, without prejudice to renewal of the motion at a later stage of the proceedings;

6. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed.

IT IS SO ORDERED.

Dated:   **January 7, 2022**                              **/s/ Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE