UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE BENARD WASHINGTON,<br><br>         Plaintiff,<br><br>   vs.<br><br>HICKS, et al.,<br><br>         Defendants. | 1:19-cv-00156-NONE-GSA-PC<br><br>**ORDER GRANTING DEFENDANT HICKS'S MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER (ECF No. 87.)**<br><br>**ORDER EXTENDING DEADLINES FOR DISCOVERY AND THE FILING OF DISPOSITIVE MOTIONS FOR ALL PARTIES**<br><br>**New Discovery Deadline:**          03/31/22<br><br>**New Dispositive Motions Deadline:**  05/31/22 |

**I.   BACKGROUND**

Tracye Benard Washington ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's Complaint filed on February 5, 2019, against defendants Sergeant David Hicks and Correctional Officer Hipolito Rocha ("Defendants") for use of excessive force in violation of the Eighth Amendment. (ECF No. 1.)[1]

---

[1] On June 22, 2020, the court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (ECF No. 19.)

1

On December 8, 2020, the court issued a Discovery and Scheduling Order establishing pretrial deadlines, including a discovery deadline of May 8, 2021 and a dispositive motions deadline of July 8, 2021. (ECF No. 28.) The current discovery deadline is December 6, 2021, and the current dispositive motions deadline is February 26, 2022. (ECF No. 36.)

On January 14, 2022, defendant Hicks filed a motion to modify the court's Discovery and Scheduling Order. (ECF No. 87.)

## II.   MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendant Hicks brings a motion to extend the deadlines in the Discovery and Scheduling Order to dates deemed appropriate following resolution of all pending discovery issues in this case. Pursuant to recent orders, Plaintiff's responses to discovery requests are due on February 7, 2022, and the deadline for filing dispositive motions is February 6, 2022. Defendant Hicks argues that he will be prejudiced if the deadline for filing dispositive motions is not continued to permit receipt of written discovery responses from Plaintiff.

The court finds good cause to extend the discovery and dispositive motions deadlines in the court's Discovery and Scheduling order. Defendant Hicks has shown that even with the exercise of due diligence he cannot meet the requirements of the court's Discovery and Scheduling Order. Therefore, the motion to modify the Discovery and Scheduling Order filed by defendant Hicks shall be granted.

///

///

## III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendant Hicks's motion to modify the court's Discovery and Scheduling Order, filed on January 14, 2022 is GRANTED;
2. The deadline for the completion of discovery is extended from December 6, 2021 to **March 31, 2022** for all parties to this action;
3. The deadline for filing and serving pretrial dispositive motions is extended from February 26, 2022 to **May 31, 2022** for all parties to this action; and
4. All other provisions of the court's December 8, 2020 Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated: **January 18, 2022**            **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE