UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TRACYE BENARD WASHINGTON,

             Plaintiff,

    vs.

HICKS, et al.,

             Defendants.

**1:19-cv-00156-NONE-GSA-PC**

**ORDER DENYING PLAINTIFF'S REQUEST FOR ISSUANCE OF SUBPOENA DUCES TECUM TO NON-PARTY, WITHOUT PREJUDICE**

**(ECF No. 89.)**

Tracye Benard Washington ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's Complaint filed on February 5, 2019, against defendants Sergeant David Hicks and Correctional Officer Hipolito Rocha ("Defendants") for use of excessive force in violation of the Eighth Amendment. (ECF No. 1.)[1]

Pursuant to the court's order issued on January 19, 2022, the current deadline for completion of discovery is March 31, 2022, and the current deadline for filing dispositive motions is May 31, 2022. (ECF No. 88.) This case is now in the discovery phase.

On January 18, 2022, Plaintiff filed a request for the issuance of a subpoena duces tecum directed to non-party Christian Pfeiffer, Warden of Kern Valley State Prison in Delano, California, to command production of "Medical records, Names, Identities, Photographs, and Manufacturer," as described in Attachment A of the Request, as follows here. (ECF No. 89.)

---

[1] On June 22, 2020, the court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (ECF No. 19.)

1

## ATTACHMENT A

1.      CDCR Suicide Watch/Suicide Precaution Record for Plaintiff Tracey B. Washington CDCR No. T-81075 for the dates of February 5, 2018 and February 6, 2018 while housed at Kern Valley State Prison, including but not limited to any records/documents that may be stored digitally and/or electronically, monitoring notes, activities, disciplinary notes, Certified Nursing Assistant (CNA) notes/reports, Licensed Vocational Nurse (LVN) and/or Registered Nurse and medical doctors' notes/reports for the same period and location.

2.      The identity, i.e., full name and title of the Nursing Assistant who was assigned to monitor/observe Plaintiff on February 5, 2018 and February 6, 2018 during his alternative housing on suicide watch/precaution at Kern Valley State Prison; to include also this person's correct employment title, post/position number, work schedule for the noted dates, age, race/nationality and current address.

3.      All photographs (colored) which were taken by Kern Valley State Prison Investigation Services Unit (ISU) on the dates of February 6, 2018 and included in a Crime/Incident Report CDCR-837 in the charging of Plaintiff Washington both administratively and criminally with battering a peace officer. Photographs should include those taken of Plaintiff, of the prison cell where the incident occurred, of the injured prison guard and of the interior of the housing unit itself outside of the cell.

4.      The name of the manufacturer of the non-lethal chemical agent Oleoresin Capsicum used by prison guards at Kern Valley State Prison and the exact brand deployed on Plaintiff on February 6, 2018 by prison guard Hipolito Rocha (Defendant).

The Plaintiff Tracey Washington appearing in Propria Persona is requesting these records because he has determined that the information sought is deemed necessary to fully evaluate his claims and comprehensively prosecute his case.

---

For the reasons set forth below, Plaintiff's request shall be denied, without prejudice, to renewal of the request.

Subject to certain requirements set forth herein, Plaintiff is entitled to the issuance of a subpoena duces tecum commanding the production of documents from a non-party, and to service of the subpoena by the United States Marshal.  Fed. R. Civ. P. 45; 28 U.S.C. 1915(d).  However, the Court will consider granting such a request *only if* the documents sought from the non-party are *not equally available* to Plaintiff and are *not obtainable from Defendants* through a request for production of documents.  Fed. R. Civ. P. 34.  It appears to the Court that some of the documents sought by Plaintiff may be available from Plaintiff's Central File or medical records at the prison where he is currently incarcerated.  Plaintiff has not demonstrated that he made a prior request to officials at the prison for any of these documents.  Plaintiff's prison records may also be available through a request for production of documents to the Defendants. Fed. R. Civ. P. 34.

Court records show that Plaintiff filed two motions to compel discovery responses, one on April 5, 2021 (ECF No. 38) to compel responses from defendant Hicks, and one on April 29, 2041 (ECF No. 41) to compel responses from defendant Rocha.  In the motions to compel, Plaintiff did not request his CDCR Suicide Watch/Suicide Precaution Record or the name of the manufacturer of Oleoresin Capsicum.  Nor did Plaintiff file a motion to compel Defendants to produce those documents.  As discussed above, the court will not consider granting a request for issuance of a subpoena if the documents sought from the non-party are *equally available* to Plaintiff or *obtainable from Defendants* through a request for production of documents.

The court notes that Plaintiff *did* request from Defendant Hicks, in a prior motion to compel (ECF No. 38), the identity of the Nursing Assistant who was assigned to monitor/observe

Plaintiff, and the photographs taken by KVSP's ISU connected to charges against Plaintiff for battering a peace officer.  (ECF No. 38 at 23:5-9, 17-19.)   The court denied this motion to compel as procedurally defective because Plaintiff did not inform the court which discovery requests were the subject of the motion and for *each* disputed response, why the information sought is relevant, nor why Defendants' objections were not justified.  (ECF No. 80 at 5:14-17.)  Because of the deficiencies in his motion to compel, Plaintiff has not shown that the information he seeks is not obtainable from Defendant Hicks, and Plaintiff shall not be granted a request for a subpoena to seek the same information from a non-party.

Should Plaintiff choose to file another request for the issuance of a subpoena duces tecum, Plaintiff must (1) identify with specificity the documents sought and from whom, and (2) make a showing in the request that the records are only obtainable through that third party.  Also, documents requested must fall within the scope of discovery allowed in this action.[2]  Plaintiff is reminded that the discovery deadline in this case is now <u>March 31, 2022.</u>

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's request for the issuance of a subpoena, filed on January 18, 2022, is DENIED, without prejudice to renewal of the request as instructed by this order.

IT IS SO ORDERED.

Dated:   __**March 3, 2022**__              _____**/s/ Gary S. Austin**_____
                                                         UNITED STATES MAGISTRATE JUDGE

---

[2] Under Rule 26(b) of the Federal Rules of Civil Procedure, "[u]nless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).