UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE BENARD WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>HICKS, et al.,<br><br>　　　　Defendants. | 1:19-cv-00156-NONE-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR COURT TO FIND ATTORNEY CECILIA MARTIN IN CONTEMPT OF COURT**<br>**(ECF No. 76.)** |

**I.　BACKGROUND**

Tracye Benard Washington ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's Complaint filed on February 5, 2019, against defendants Sergeant David Hicks and Correctional Officer Hipolito Rocha ("Defendants") for use of excessive force in violation of the Eighth Amendment. (ECF No. 1.)[1]

On September 10, 2021, Plaintiff filed a motion for the court to find defense counsel Cecilia Martin in contempt of court and to impose sanctions against her. (ECF No. 76.)

**II.　CONTEMPT OF COURT**

A party seeking a finding of civil contempt "has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The

---

[1] On June 22, 2020, the court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (ECF No. 19.)

1

burden then shifts to the contemnors to demonstrate why they were unable to comply." F.T.C. v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting Stone v. City and County of San Francisco, 968 F.2d 850, 856 n.9 (9th Cir. 1992) (citations omitted)). Petitioner must show more than "merely a preponderance of the evidence," see U.S. v. Ayres, 166 F.3d 991, 994 (9th Cir. 1999) (quoting In re Dual–Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993)), but the standard is "less stringent than beyond a reasonable doubt." Balla v. Idaho State Bd. of Corrections, 869 F.2d 461, 466 (9th Cir. 1989) (citing United States v. Powers, 629 F.2d 619, 626 n. 6 (9th Cir. 1980)). The decision to hold a party in contempt of a court order rests with the sound discretion of the trial court. Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1022 (9th Cir. 1985). A court will not find a party in contempt when the party has taken all reasonable steps to comply with the court's order, so "[s]ubstantial compliance with the court order is a defense to civil contempt, and is not vitiated by a few technical violations where every reasonable effort has been made to comply." Dual–Deck, 10 F.3d at 695.

A district court has the inherent authority to enforce compliance with its orders through a civil contempt proceeding, Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 827–28 (1994), and broad equitable power to order appropriate relief, FTC v. EDebitPay, LLC, 695 F.3d 938, 945 (9th Cir. 2012). "Civil contempt . . . consists of a party's disobedience of a specific and definite court order by failure to take all reasonable steps within the party's power to comply." Dual-Deck, 10 F.3d at 695. The violation "need not be willful . . ." Id. (internal quotation marks and citation omitted).

To establish that Cecilia Martin should be held in civil contempt, Plaintiff first must demonstrate by clear and convincing evidence that Attorney Martin violated a court order "beyond substantial compliance, and that the violation was not based on a good faith and reasonable interpretation of the [order]." Wolfard Glassblowing Co. v. Vanbragt, 118 F.3d 1320, 1322 (9th Cir. 1997). If Plaintiff meets this initial burden, the burden then shifts to Attorney Martin to demonstrate that she "took every reasonable step to comply." Stone, 968 F.2d at 856 n. 9. Thus, to hold Cecilia Martin in civil contempt, the court must "determine (1) that [she] violated [a] court order, (2) beyond substantial compliance, (3) not based on a good faith and

reasonable interpretation of the order, (4) by clear and convincing evidence." Dual-Deck, 10 F.3d at 695.

### III. PLAINTIFF'S MOTION

Plaintiff declares under penalty of perjury that on May 5, 2021, he attended a deposition hearing in this case requested by counsel for defendant Rocha, Deputy Attorney General David C. Goodwin. The hearing was conducted via computer screen virtual technology. Attorney Cecilia L. Martin, counsel for defendant Hicks, appeared on screen at the hearing, although she had not prepared, filed, or served upon Plaintiff a notice or request for deposition, singularly or jointly with DAG Goodwin.

At one point during the hearing, DAG Goodwin allowed Attorney Martin to question Plaintiff. Plaintiff told Attorney Martin that she had not made any request to participate in the deposition hearing. Attorney Martin responded that she could depose Plaintiff because she was counsel to a defendant in the same civil action. Plaintiff then proceeded to cooperate and answer Attorney Martin's questions.

Plaintiff asserts that defendant Hicks' counsel had over four months to conduct discovery and argues that Attorney Martin's decision to forego conducting discovery for four months was a tactical decision used to Plaintiff's disadvantage. Plaintiff asserts that there are absolutely no documents that Attorney Martin cannot obtain from Plaintiff's prison records or the CDCR, because this case occurred within the prison itself.

Plaintiff also contends that Attorney Martin seeks to delay the proceedings and she has filed a series of deceptive declarations with the court attempting to link her inability to defend her client with Plaintiff's so-called uncooperative behavior towards her. Plaintiff argues that Attorney Martin lied to the court and attempted to sway the court to be partial to her and her client. Plaintiff believes that Attorney Martin views him as an uneducated criminal who has no idea what he is doing, and that all she needs to do is delay or file motions which require responses that Plaintiff may not know.

///

///

For these reasons, Plaintiff moves the court to: (1) hold Attorney Cecilia Martin in contempt; (2) find that Attorney Martin has filed false declarations; (3) hold a hearing for monetary sanctions; and (4) deny defendant Hicks any further discovery.

**Attorney Martin's Opposition**

In opposition, Attorney Cecilia Martin asserts that Plaintiff essentially makes two points neither of which, either alone or taken together, justify a contempt citation or sanctions against her: first, Plaintiff appears to complain that Attorney Martin was permitted to ask Plaintiff questions during a deposition noticed by co-counsel and second, that Attorney Martin was untruthful with the court in seeking an extension of the deadlines in the court's Discovery and Scheduling Order.

As to the deposition, Attorney Martin argues that under Federal Rules of Civil Procedure 3(c)(1), any party to the action has the right to examine the witness at deposition and therefore, there was nothing improper in Attorney Martin asking Plaintiff questions during the deposition. As for Plaintiff's claim that he (Plaintiff) was cooperative during the deposition, Attorney Martin states that the deposition transcript speaks for itself.

Attorney Martin also argues that she did not make any misrepresentations to the court when requesting an extension of the deadlines in the Discovery and Scheduling Order.  Her evidence shows that in its August 31, 2021 order granting her request, the court found good cause to modify the scheduling order finding that "Plaintiff has made it clear he does not intend to respond to written discovery" and that, as a result, there existed "good cause to extend the . . . deadlines" based on a showing that "even with the exercise of due diligence [Defendant Hicks] likely cannot meet the requirements of the court's Discovery and Scheduling Order."  (ECF No. 75.)  Attorney Martin represents that she did not behave in any way that would justify a contempt citation or imposition of sanctions.

### IV. DISCUSSION

Plaintiff requests the court to find Attorney Cecilia Martin in contempt of court, purportedly because she posed deposition questions to Plaintiff at Plaintiff's deposition that was

noticed by her co-counsel DAG David Goodwin, and she was untruthful in her declaration in support of a request to modify the Discovery and Scheduling Order.

Plaintiff has not argued that Attorney Martin violated a specific and definite order of the court, but rather that she conducted herself improperly in the deposition and was untruthful in her written request to modify the court's scheduling order. Based on the motion before it the court finds that Plaintiff has not met his burden to demonstrate by clear and convincing evidence that Attorney Martin conducted herself in any manner justifying a contempt citation or imposition of sanctions.

**V.   CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's request for the court to find Attorney Cecilia Martin in contempt of court, filed on September 10, 2021, is DENIED.

IT IS SO ORDERED.

Dated:   **March 4, 2022**                              **/s/ Gary S. Austin**
                                                                       UNITED STATES MAGISTRATE JUDGE