UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE BENARD WASHINGTON,<br><br>  Plaintiff,<br><br>vs.<br><br>HICKS, et al.,<br><br>  Defendants. | 1:19-cv-00156-NONE-GSA-PC<br>USCA Case Number 22-15389<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 95.)**<br><br>**ORDER FOR CLERK TO SERVE THIS ORDER ON THE NINTH CIRCUIT COURT OF APPEALS** |

Tracye Benard Washington ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's Complaint filed on February 5, 2019, against defendants Sergeant David Hicks and Correctional Officer Hipolito Rocha ("Defendants") for use of excessive force in violation of the Eighth Amendment. (ECF No. 1.)[1]

## I.  BACKGROUND

On January 18, 2022, Plaintiff filed a request for the court to issue a subpoena duces tecum directed to non-party Christian Pfeiffer, Warden of Kern Valley State Prison in Delano, California, to command production of "Medical records, Names, Identities, Photographs, and

---

[1] On June 22, 2020, the court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (ECF No. 19.)

Manufacturer." (ECF No. 89.) On March 4, 2022, the Court issued an order denying Plaintiff's request, without prejudice. (ECF No. 92.)

On March 15, 2022, Plaintiff filed objections to the Court's order along with an appeal that was processed to the Ninth Circuit Court of Appeals and assigned **Case Number 22-15389.**

The Court construes Plaintiff's objections as a motion for reconsideration of the Court's March 15, 2022 order.

## II.    MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly

1  convincing nature to induce the court to reverse its prior decision.  See <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

**III.  DISCUSSION**

In his motion for reconsideration, Plaintiff argues that the Court should have granted his prior request for the issuance of subpoenas because Defendants failed to produce documents in response to his request for production of documents.  The Court denied Plaintiff's request for subpoenas without prejudice, which granted Plaintiff leave to file a new request for subpoenas submitting the information needed by the Court to consider the request.

Plaintiff disagrees with the Court's order but only sets forth facts that the Court already considered in making its prior decision.  Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision to reverse its prior decision.  Therefore, Plaintiff's motion for reconsideration shall be denied.

**IV.  CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on March 15, 2022, is DENIED; and
2. The Clerk is directed to serve a copy of this order on the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

   Dated:   **March 16, 2022**                    **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE