UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE BENARD WASHINGTON, | **1:19-cv-00156-JLT-GSA-PC** |
| Plaintiff, | **ORDER GRANTING DEFENDANT ROCHA'S MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER (ECF No. 111.)** |
| vs. | |
| HICKS, et al., | **ORDER EXTENDING DISPOSITIVE MOTIONS DEADLINE FOR ALL PARTIES** |
| Defendants. | |
| | **New Dispositive Motions Deadline:   08/31/22** |

I.      **BACKGROUND**

Tracye Benard Washington ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's Complaint filed on February 5, 2019, against defendants Sergeant David Hicks and Correctional Officer Hipolito Rocha ("Defendants") for use of excessive force in violation of the Eighth Amendment.  (ECF No. 1.)[1]

On December 8, 2020, the court issued a Discovery and Scheduling Order, establishing pretrial deadlines, including a discovery deadline of May 8, 2021, and a dispositive motions deadline of July 8, 2021.  (ECF No. 28.)  Discovery is now closed.  The current dispositive motions deadline is May 31, 2022.  (ECF No. 88.)

On May 17, 2022, defendant Rocha filed a motion to modify the court's Discovery and Scheduling Order.  (ECF No. 111.)

---

[1] On June 22, 2020, the court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim.  (ECF No. 19.)

1

**II.     MOTION TO MODIFY SCHEDULING ORDER**

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendant Rocha brings a motion to extend the dispositive motions deadline from May 31, 2022 to August 31, 2022.  The court finds good cause to extend the dispositive motions deadline. Therefore, the motion to modify the Discovery and Scheduling Order filed by defendant Rocha shall be granted.

**III.     CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1.      Defendant Rocha's motion to modify the court's Discovery and Scheduling Order, filed on May 17, 2022, is GRANTED;

2.      The deadline for filing and serving pretrial dispositive motions is extended from May 31, 2022 to **August 31, 2022** for all parties to this action; and

4.      All other provisions of the court's December 8, 2020 Discovery and Scheduling Order remain the same.


IT IS SO ORDERED.

Dated:   __June 1, 2022__          _____/s/ Gary S. Austin_____

                    UNITED STATES MAGISTRATE JUDGE