UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE BENARD WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>HICKS, et al.,<br><br>　　　　Defendants. | 1:19-cv-00156-JLT-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT ROCHA'S MOTION FOR TERMINATING DISCOVERY SANCTIONS BE GRANTED AND THAT DEFENDANT ROCHA AND PLAINTIFF'S CLAIMS AGAINST HIM BE DISMISSED FROM THIS CASE, WITH PREJUDICE**<br><br>**(ECF No. 101.)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

**I.　BACKGROUND**

Tracye Benard Washington ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's Complaint filed on February 5, 2019, against defendants Sergeant David Hicks and Correctional Officer Hipolito Rocha ("Defendants") for use of excessive force in violation of the Eighth Amendment. (ECF No. 1.)[1]

---

[1] On June 22, 2020, the court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (ECF No. 19.)

1

Defendant Rocha filed an answer to the Complaint on December 7, 2020, (ECF No. 27), Defendant Hicks filed an answer on December 23, 2020, (ECF No. 34). On December 8, 2020, the Court issued the discovery and scheduling order, (ECF No. 28), and on January 19, 2021, the Court extended application of the order to Defendant Hicks, (ECF No. 36). On April 1, 2022, the discovery deadline was extended to April 10, 2022. (ECF No. 100.) Discovery is now closed.

On May 25, 2021, Defendant Rocha served Plaintiff with Defendant's first set of interrogatories and first set of requests for production of documents. (Goodwin Decl., ECF No. 60-2 ¶ 3.) On June 7, 2021, Defendant Rocha served Plaintiff with his second set of interrogatories and first set of requests for admissions. (Id. ¶ 4.)

On July 14, 2021, Defendant Rocha filed a motion to compel, (ECF No. 60), which was joined by Defendant Hicks on July 27, 2021, (ECF No. 63). In his joinder, Defendant Hicks provided evidence that on June 7, 2021, Defendant Hicks served a first set of interrogatories, a first set of requests for admissions, and a first set of requests for production of documents on Plaintiff. (Martin Decl., ECF No. 63-1 at 2 ¶ 5.)

On January 10, 2022, Defendants' motion to compel was granted and Plaintiff was ordered to respond within 30 days to (1) Defendant Rocha's first set of interrogatories and first set of requests for production of documents served on Plaintiff on May 25, 2021; (2) Defendant Rocha's second set of interrogatories served on Plaintiff on June 7, 2021; and (3) Defendant Hicks's first set of interrogatories, first set of requests for admissions, and first set of requests for production of documents served on Plaintiff on June 7, 2021. (ECF No. 85.) The Court also deemed Defendant Hicks's first set of requests for admissions, served on Plaintiff on June 7, 2021, admitted under Rule 36(a)(3) of the Federal Rules of Civil Procedure; held that no objections by Plaintiff to the discovery requests were permitted; and denied Defendants' motion for sanctions, without prejudice to renewal of the motion at a later stage of the proceedings. (Id.)

On April 8, 2022, Defendant Rocha filed a motion for discovery sanctions against Plaintiff for his failure to adequately respond to the court's January 10, 2022 order. (ECF No. 101.) To date, Defendant Hicks has neither requested to join in Defendant Rocha's motion to compel, nor filed a separate motion to compel. (Court docket.) On April 21, 2022, Plaintiff filed

an opposition to the motion, (ECF No. 103), and a motion to compel discovery from Defendant Hicks, (ECF No. 104). On April 25, 2022, Plaintiff filed a motion to compel discovery from Defendant Rocha.[2] (ECF No. 105.) On April 29, 2022, Defendant Rocha filed a reply to Plaintiff's opposition to the motion for discovery sanctions. (ECF No. 106.)

Defendant Rocha's motion for discovery sanctions is now before the court. Local Rule 230(*l*).

## II.   MOTION FOR DISCOVERY SANCTIONS

'The discovery process in theory should be cooperative and largely unsupervised by the district court. But when required disclosures are not made or cooperation breaks down, Federal Rule of Civil Procedure 37 allows a party to move for an order compelling disclosures or discovery." Sali v. Corona Reg'l Med. Ctr., 884 F.3d 1218, 1219 (9th Cir. 2018). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" where "(i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). The party opposing the discovery bears the burden of resisting disclosure. Bryant v. Armstrong, 285 F.R.D. 596, 600 (S.D. Cal. 2012).

The Local Rules of the Eastern District of California provide wide latitude to the court with regard to sanctions. Under Local Rule 110, the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, the Federal Rules of Civil Procedure specifically contemplate dismissal as a sanction for failing to comply with an order

---

[2] As to Plaintiff's two pending motions to compel, one against Defendant Hicks, (ECF No.104), and the other against Defendant Rocha, (ECF No. 105), if dismissal as to Defendant Rocha is granted, Plaintiff's pending motion to compel discovery from Defendant Rocha will become moot. Therefore, it is premature at this juncture to address Plaintiff's motion to compel as to Defendant Rocha.

compelling discovery. Federal Rule of Civil Procedure 37(b)(2)(A)(v) permits a court to "dismiss[ ] the action or proceeding in whole or in part" if a party fails to comply with a discovery order. Similarly, under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

Rule 37(b)(2) of the Federal Rules of Civil Procedure also provides that if a party fails to obey an order to provide or permit discovery, the court may issue further just orders, which may include: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A).  "Instead of or in addition to the [other sanctions outlined in the Rule,] the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Prior to dismissal, a district court has an obligation to warn a plaintiff that dismissal is imminent.  Hoffmann v. Price, No. 2:15-cv-1527 DB P (E.D.Cal. Feb. 7, 2019) 2019 U.S.Dist.LEXIS 21104, at *9 (citing Johnson v. United States Dep't of Treasury, 939 F.2d 820, 825 (9th Cir. 1991); see generally Malone v. U.S. Postal Serv., 833 F.2d 128, 133 (9th Cir. 1987). Alternative sanctions should also be discussed prior to dismissal. Id. (citing see Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d. 1428, 1430-31 (9th Cir. 1990)).  A dismissal acts as an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b).

Thus, it is within the discretion of a district court to order dismissal sanctions. Olivia v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992) (citing Hamilton Copper & Steel Corp., 898 F.2d at

4

1429). However, because "dismissal is a harsh penalty . . . it should only be imposed in *extreme circumstances*." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (emphasis in the original) (quoting Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)); Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) ("Only 'willfulness, bad faith, and fault' justify terminating sanctions" (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003)). The court must consider five factors "before resorting to the penalty of dismissal: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Id. (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Conn. Gen. Life Ins., 482 F.3d at 1096 (citation omitted).

Not all factors must cut in favor of dismissal for the sanction to be imposed. Malone, 833 F.2d at 133 n.2; see also Ferdik, 963 F.2d at 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here.").

### A. **Defendant Rocha's Motion**

Defendant Rocha moves for a terminating sanction, or in the alternative, evidentiary sanctions against Plaintiff on the grounds that Plaintiff failed to comply with the Court's order to provide responses to Defendant Rocha's interrogatories and requests for production of documents without objection. Defendant asserts that Plaintiff has been warned several times throughout this case that his failure to comply with the Federal Rules of Civil Procedure and the Court's orders could result in sanctions, including termination. In the alternative to dismissal, Defendant requests a court order precluding Plaintiff from introducing documents into evidence and excluding any non-party witnesses from testifying, either at summary judgment or trial. Counsel for Defendant Rocha also renews his motion for attorneys' fees in the amount of

///

$3,300.00 for bringing the initial motion to compel and this motion for discovery-related sanctions.

Defendant provides evidence that on May 25, 2021, Defendant Rocha served Plaintiff with Defendant's first set of interrogatories and first set of requests for production of documents. (Goodwin Decl., ECF No. 60-2 ¶ 3 & Exhs. A & B at pp. 4, 31.) Subsequently, on June 7, 2021, Defendant Rocha served Plaintiff with his second set of interrogatories, (Id. ¶ 4 & Exh. C at p. 36), and first set of requests for admissions. (Id. ¶ 4.) Plaintiff's deadline to serve his responses to Rocha's first set of interrogatories and requests for production of documents was June 24, 2021. (Id. ¶ 5) (citing Disc. & Scheduling Order, ECF No. 28.) Additionally, Plaintiff's deadline to serve his responses to Rocha's first set of requests for admissions and second set of interrogatories was July 7, 2021. (Id. ¶ 6.)

Defendant Rocha received a letter from Plaintiff dated June 17, 2021, stating that Plaintiff does not intend to respond to any of Defendant Rocha's "time-lapsed discovery requests until a U.S. District Judge is appointed to this Case, and, reviews Plaintiff's timely objection and appeal." (Exh. D to Goodwin Decl., ECF No. 60-2 at 2 ¶ 6, 44.)

On July 14, 2021, Defendant Rocha filed a motion to compel, (ECF No. 60), which was joined by Defendant Hicks on July 27, 2021, (ECF No. 63). While the motion to compel was pending, Plaintiff served belated responses. On August 26, 2021, counsel's office received Plaintiff's responses to Defendant Rocha's first set of interrogatories, numbers 7-12 and 19-22, and Plaintiff's responses to Defendant Rocha's first set of requests for production of documents. (Goodwin Decl. ¶¶ 4-5, Ex. A, B.) Several days later, on August 30, 2021, counsel's office received Plaintiff's responses to Rocha's first set of interrogatories, numbers 1-6, and 13-18. (Id. ¶ 6, Ex. C.) Plaintiff failed to comply with the Court's order to serve responses without objections to Defendant Rocha's first set of interrogatories and first set of requests for production of documents. (Goodwin Decl. ¶ 12.) Plaintiff also failed to supplement his responses to Defendant Rocha's second set of interrogatories. (Id.)

On January 10, 2022, the Court granted the motion to compel. (ECF No. 85 at 7.) Plaintiff was ordered to respond to the first and second sets of interrogatories and first set of

requests for production, within 30 days. (Id.) The Court further ordered, "No objections by Plaintiff to the discovery requests are permitted." (Id.) Plaintiff's deadline to comply with the Court's order was February 4, 2022. (Goodwin Decl., ECF No. 101-2 at 2 ¶ 8.)

On February 4, 2022, Plaintiff responded to the second set of interrogatories and the request for admissions. (Id. at 2 ¶¶ 8 & 9, Exh. D at 42-48 & Exh. E at 52-61.) On April 1, 2022, counsel for Defendant Rocha tried to meet and confer in writing, but Plaintiff did not respond. (Id. at 2 ¶ 11 & Exh F, ECF No. 101-2 at 68-69.)

On April 8, 2022, Defendant Rocha filed the motion for discovery sanctions, which is now before the Court. (ECF No. 101.) Defendant Rocha argues that Plaintiff has not served responses to Defendant Rocha's first set of interrogatories or requests for production of documents without objection; supplemented his responses to Rocha's second set of interrogatories; identified individuals with knowledge of his allegations; produced documents that support his Eighth Amendment claims for excessive force; produced documents that support his alleged injuries and damages; provided any witness statements; or importantly, provided the "overwhelming evidence that cannot be disputed" that he ostensibly will present to the Court. (ECF No. 106 at 3 ¶ 5, 6 (citing ECF No 101 at 2:24-25.)) Defendant also contends that Plaintiff has not addressed the prejudice that his repeated non-compliance with Court orders has had on Defendant Rocha and Rocha's ability to conduct discovery and prepare for trial. Defendant also asserts that Plaintiff repeatedly impeded, delayed, and frustrated counsel's questioning at his deposition on May 5, 2021, after which Defendants then requested leave to serve written discovery, which the Court granted. (Order, ECF No. 46; also see Mot. to Modify Disc. & Scheduling Order, ECF No. 44.)

### B.   **Plaintiff's Opposition**

Plaintiff asserts that he timely complied with the Court's January 10, 2022 order requiring him to respond to discovery.[3] As for the documents requested, Plaintiff argues that nearly all of them are accessible by Defendant Rocha under Title 15 § 3370(e), which specifically gives any

---

[3] Plaintiff's opposition to Defendant Rocha's motion for discovery sanctions was not signed under penalty of perjury. (ECF No. 103 at 5.)

attorney representing a prison guard the right to access a prisoner's records.  Plaintiff asserts that the Court's Discovery order specifically stated that information equally accessible to both parties does not have to be produced.

Plaintiff complains that during this case Defendants have not produced prison documents in their possession that he requested, and defense counsel disrespected him during discovery proceedings, repeatedly demanding answers even when Plaintiff objected.  Plaintiff asserts that he does not have a copy of his responses to Defendants' requests for admission because he answered the requests on the same document that Defendants sent him because he did not have access to writing paper, typing paper, or the law library.  Plaintiff also discusses that he is legally blind and sometimes cannot see all the letters on a paper.  He is also paralyzed from the waist down on one side and has weak limbs on the other side.  In addition, Plaintiff suffers from severe mental illness and takes medication.  According to Plaintiff, the only reason Plaintiff has not provided information to the Court is because he lacks access to the law library to obtain copies in a timely manner.  Plaintiff requests that Defendants be ordered to file a status report and that the Court order a settlement hearing based on the overwhelming undisputed evidence that Plaintiff will present to the Court.

## III. DISCUSSION

Plaintiff claims that he timely complied with the Court's January 10, 2022 order requiring him to respond to discovery, but then he argues that Defendant Rocha should use his right to access prisoner documents and find the accessible documents himself.  Defendant's evidence shows that Plaintiff did not produce any of the documents requested by Defendant and instead directed Defendant to find them himself using suggestions by Plaintiff.  (Goodwin Decl. ¶ 5, Ex. B, ECF No. 101-2 at 18-21.)  In response to Request for Production no. 10, Plaintiff merely responds, "IRRELEVANT get them yourself." (emphasis in original) (Id. at 21 ¶ 10.)  Plaintiff's responses to interrogatories are equally unhelpful.

Below is a sampling of Plaintiff's responses to Defendant Rocha's first set of interrogatories, received by Defendant Rocha on February 4, 2022. (Exh. C to Goodwin Decl., ECF No. 101-2 at 27-31.)  The Court finds these responses to be non-responsive or otherwise

deficient. Moreover, none of Plaintiff's responses comply with the Court's January 10. 2022 order informing Plaintiff that "No objections by Plaintiff to the discovery requests are permitted." (ECF No. 85 at 8 ¶ 4.) Plaintiff was also warned in the order that his "failure to comply with this order shall result in a recommendation that this case be dismissed." (Id. at 8 ¶ 6.)

**INTERROGATORY NO. 1**

Please identify the dates, locations, and circumstances of each and every time you have been pepper sprayed while in a California prison.

**RESPONSE TO INTERROGATORY NO. 1**

See Crime Incident Report 837-A Feb. 6, 2018, Civil Complaint. The CNA whose identity and report have be (*sic*) removed from records – A (*sic*) impartial eye witness. Also the other two CNA's who were present. If Defendants have nothing to hide, why did they not get reports from them. FRCP 26(b)(1).

**INTERROGATORY NO. 2**

For each person identified in your response to Interrogatory No. 1, state all information that person has that supports your claims against Defendant H. Rocha.

**RESPONSE TO INTERROGATORY NO. 2**

You'll get it at the appropriate time; when the Judge orders me to file them in preparation for trial; and when defendants comply with Discovery order to compel; I think it's dumb to ask me for my notes as if I'm that (*sic*) lay in law. Cal Code Reg Title 15 sec. 3370(e). FRCP 26(b)(1).

**INTERROGATORY NO. 3**

Please identify each document that supports your claims against Defendant H. Rocha and state how that document supports your claims.

**RESPONSE TO INTERROGATORY NO. 3**

See Complaint it's in the Complaint. The Judge stated what claims are cognizable. Read it. When you or if you file a summary judgment I will respond appropriately with my breakdown. If you don't, wait till trial, use your resources. I filed this lawsuit it was accepted. It told you where the information is. I'm not (*sic*) chronicalizing it for you. FRCP 26(b)(1).

**Analysis**

The Court must consider five factors "before resorting to the penalty of dismissal." Conn. Gen. Life Ins., 482 F.3d at 1096. In considering Defendant's motion for terminating sanctions, the court acknowledges the applicability of Rules 37(b)(2)(A)(v) and 41(b) and Local Rule 110 in this matter and that they all support the sanction of dismissal for failure to cooperate in discovery and failure to comply with a court order. Prior to dismissal, however, the Court also considers the five Malone factors as the law requires. (Hoffmann, 2019 U.S.Dist.LEXIS 21104, at *19.)

**(1) Public Interest in the Expeditious Resolution of Cases**

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). In this case, Plaintiff has failed to fulfill his discovery obligations or comply with this Court's discovery order. His refusal to comply with discovery obligations, despite a court order to do so, has delayed the expeditious resolution of this case. The public interest in efficient resolution of cases has thus been thwarted by Plaintiff's refusal to participate in the discovery process.

**(2) The Court's Need to Manage Its Docket**

Plaintiff's continued failure to cooperate in discovery and follow the court's instructions has already consumed a considerable amount of limited judicial time and resources. The Eastern District of California has one of the heaviest caseloads in the country, and Plaintiff's continued refusal to participate in the discovery process has already resulted in Defendants' motion to compel, which demanded this court's attention, time, and resources, and the instant motion for sanctions. Considerations of judicial economy weigh in favor of terminating sanctions. Ferdik, 963 F.2d at 1261 (finding that it was necessary "to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants").

**(3) Risk of Prejudice to the Defendant**

"While [the mere pendency of a lawsuit] may be prejudicial, it cannot, by itself, be considered prejudicial enough to warrant dismissal." Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984). Rather, "[i]n determining whether a defendant has been prejudiced, we examine whether

the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Malone, 833 F.3d at 131 (citation omitted). The risk of prejudice is considered in relation to Plaintiff's reason for defaulting. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 991).

Plaintiff has, after first failing to respond to Defendant Rocha's discovery requests, failed to comply with the Court's order to provide responses without objections. Defendant is entitled to have his discovery requests properly answered and Plaintiff's failure to provide proper responses is decidedly prejudicial to Defendant. Accordingly, there appears to be no justifiable reason for Plaintiff's failure to provide proper responses and this factor also favors dismissal.

### (4) Public Policy Favoring Merits Resolution

The general policy favoring disposition of cases on their merits always weighs against terminating sanctions, Yourish, 191 F.3d at 992 (citation and internal quotation marks omitted). However, this policy alone is not sufficient to outweigh the other factors discussed herein. Leon v. IDX Sys. Corp., 464 F.3d 951, 960-61 (9th Cir. 2006) (citation omitted).

### (5) Availability and Effectiveness of Lesser Sanctions

The court finds that no other lesser sanctions that would be satisfactory or effective. Plaintiff is a prisoner proceeding *pro se*, and even considering Defendant's evidence that Plaintiff has some funds available, it is unlikely that monetary sanctions will induce him to cooperate or prosecute his case.

Nor does it appear that evidentiary sanctions would be an effective alternative because exclusionary sanctions[4] could likely have the same effect as dispositive sanctions. Finally, Plaintiff was warned that failure to comply with the court's order to provide proper discovery responses could result in dismissal of this action, (ECF No. 85 at 8), and the "court's warning to

---

[4] Here, Defendant has requested an order precluding Plaintiff from introducing documents into evidence and excluding any non-party witnesses from testifying, either at summary judgment or trial. The result of the exclusion of this evidence pursuant to Rule 37(c)(1) is a harsh sanction and could have a very detrimental effect on Plaintiff's case. Haroon's Halal Kabob LLC v. Food Truck Builders of Phoenix.com LLC, No. CV-20-01634-PHX-SPL, 2022 WL 1239209, at *5 (D. Ariz. Apr. 27, 2022).

a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement," Ferdik, 963 F.2d at 1262 (citing Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.

Plaintiff s lack of timely and sufficient responses to the motion to compel, along with his failure to respond to Defendant's discovery requests in the first place, demonstrate a willful disregard for this court's orders, thus the court finds that lesser sanctions would be ineffective and insufficient to address this behavior.  Importantly, given that Plaintiff has filed multiple actions in this Court,[5] it appears that he is readily familiar with federal court rules and procedures. See Hoffmann, 2019 U.S.Dist.LEXIS 21104, at *7-8.  As such, it is highly unlikely that Plaintiff's failure to produce outstanding discovery to Defendants, and/or respond to this Court's June 1, 2022 order, was a mistake, an oversight, or due to events that were beyond his control. Id.

## IV. DEFENDANT ROCHA'S MOTION FOR ATTORNEY FEES

On July 14, 2021, Defendant Rocha moved for sanctions of attorney fees of $880.00 in his initial motion to compel.  (ECF No. 60.)  On January 10, 2022, the Court granted the motion to compel and denied the motion for sanctions, without prejudice to renewal of the motion at a later stage of the proceedings.  (ECF No. 85.)

Defendant now renews his motion for attorney fees under Federal Rule of Civil Procedure 37(a)(5) for an order requiring Plaintiff to pay Defendant's reasonable expenses incurred in making the previous motion to compel, and this motion for discovery sanctions, in the sum of $3,300.00.

///

---

[5] The Court's record shows that Plaintiff, Tracye Benard Washington, has filed nine civil rights cases in this Court, beginning in 1993.  The Court takes judicial notice of these cases: (1) 2:93-cv-00345-EJG-JFM (Washington v. Gomez, et al.); (2) 2:94-cv-01149-WBS-JFM (Washington v. California Dept., et al.); (3) 2:95-cv-00151-FCD-DAD (Washington v. Armendariz, et al.) (4) 1:08-cv-00275-GBC (Washington v. Aguirre, et al.); (5) 1:11-cv-00848-MJS (Washington v. Harrington, et al.); (6) 2:12-cv-03054-JAM-DB (Washington v. Essex, et al.); (7) 1:18-cv-00564-LJO-SAB (Washington v. Stark, et al.); (8) 1:18-cv-00609-JLT (Washington v. Hicks, et al.); and (9) 1:19-cv-00156-JLT-GSA (Washington v. Hicks, et al.).

Under Rule 37(a)(5) of the Federal Rules of Civil Procedure, if a motion to compel is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:

> **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5).

Defendant argues that because Plaintiff is not proceeding *in forma pauperis*, he should be treated as any other litigant who unjustifiably fails to respond to discovery, necessitates a motion to compel, and necessitates a motion for an order to enforce the Court's earlier order granting the motion to compel.  Defendant also submits evidence that Plaintiff has settled cases in the past for amounts of $8,000 and $1,750 in 2018; $15,700 in 2012; and $1,000 in 1993, and argues that Plaintiff is capable of paying and should be required to pay the attorney fees requested by Defendant.  (Pltf's Dep. 273:18-275:20; Goodwin Decl. Ex. F, ECF No. 60-2.)

Here, the imposition of additional monetary sanctions, in addition to the terminating sanctions, would be unjust.  Berry v. Yosemite Cmty. Coll. Dist., No. 116CV00411LJOEPG, 2019 WL 2869068, at *13 (E.D. Cal. July 3, 2019), report and recommendation adopted as modified, No. 116CV00411LJOEPG, 2019 WL 3943890 (E.D. Cal. Aug. 21, 2019) (citing see, e.g, Singh v. Hancock Natural Resources Group Inc., No. 1:15-cv-01435-LJO-JLT at *9 (E.D. Cal. Feb. 22, 2017) (refusing to award attorneys' fees to Defendants where Court issued terminating sanctions); Reddy v. Precyse Solutions, LLC, 2015 U.S. Dist. LEXIS 79352, 2015 WL 3797297 (E.D. Cal. June 18, 2015) (finding the plaintiff willfully refused to comply with discovery orders and imposing terminating sanctions, but denying an "an award for further

monetary sanctions [as] unjust"); Meador v. Macy's Corporate Servs., 2016 U.S. Dist. LEXIS 128163, 2016 WL 5085353 (D. Haw. Aug. 26, 2016) (finding "[A]warding monetary sanctions in addition to terminating sanctions would be unjust'"); Townsend v. Idhe, 2015 U.S. Dist. LEXIS 1496, 2015 WL 93768 (D. Mon. Jan. 7, 2015) (declining a monetary award where dismissal sanctions were imposed)).

For these reasons, it is recommended that Defendant's motion be denied to the extent it seeks attorneys' fees in addition to terminating sanctions.

## V. IN SUMMARY

Plaintiff has clearly demonstrated, on more than one occasion in this case, that he is unwilling, not due to inability, to comply with the rules of discovery, and to willfully and intentionally obstruct the Defendants efforts to lawfully engage in the discovery process. His actions are much more akin to an outright disobedience than general misbehavior (see, below), allowing, if not commanding, the ultimate sanction of dismissal (see, Tom v. S.B. Inc., 280 FRD 603). This District has previously held that repeated failure to cooperate in discovery permits dismissal of an action (see, Hoffman v. Price, 2019 U.S. Dist. Lexis 21104).

The following is a brief summary of Plaintiff's disobedience regarding discovery in this matter:

1- On May 7, 2021, Defendant Rocha requested that this court modify the discovery and scheduling order based on Plaintiff's conduct of repeatedly delaying, impeding and frustrating Plaintiff's lawful deposition. (ECF No. 44.) Counsel for Defendant attached a declaration stating, among other things, that Plaintiff refused to discuss his basic criminal history, and while off the record called counsel a "retard". (Goodwin Decl., ECF 44-2 at 2 ¶ 7.) Additionally, during the deposition, Plaintiff referred to counsel as "Derek Chauvin", told counsel to "get off his neck", called counsel a racist and other derogatory names. (Id. at 2 ¶¶ 9, 11.) Counsel also stated that Plaintiff refused to identify witnesses that support his claim. (Id. at 3 ¶ 15.) Additionally, there were other instances and examples given of Plaintiff's obstructive behavior during the deposition mentioned in counsel's declaration. On

May 13, 2021, the Court granted the motion to modify the discovery and scheduling order as a result of this obstructive behavior. (ECF No. 46.)

2- On August 23, 2021, defendant Hicks filed a motion to modify the discovery and scheduling order. (ECF No. 72.) Attached to the motion was a declaration from Hicks's attorney, Cecilia L. Martin, who stated the following: after serving Plaintiff with written discovery requests on June 7, 2021, counsel received an email from defendant Rocha's counsel advising that he had received a letter from Plaintiff communicating his refusal to respond to defendant Hicks and Rocha's written discovery. (Martin Decl., ECF 72-2 at 2 ¶¶ 2, 4.) Thereafter, on September 1, 2021, the court was again obliged to grant another motion to modify the discovery and scheduling order based on Plaintiff's behavior. (ECF No. 75.)

3- Finally, on January 14, 2022, counsel for defendant Hicks filed yet another motion to modify the discovery and scheduling order. (ECF No. 87.) In this motion counsel stated that on July 14, 2021, defendant Rocha filed a motion to compel Plaintiff to serve written responses to his interrogatories and requests for production of documents, and to identify and produce documents, without objection. (Martin Decl., ECF No. 87-2 ¶ 6.) Then, on July 27, 2021, defendant Hicks joined defendant Rocha's motion. (Id.) Counsel then stated that as of the date of this motion, Plaintiff had not served any responses to defendant Hicks's written discovery, nor produced any responsive documents. (Id. ¶ 5.) Thereafter, on January 19, 2022, the court was once again obliged to grant another order modifying the discovery and scheduling order. (ECF No. 88.)

///
///
///
///
///
///

## VI. CONCLUSION AND RECOMMENDATIONS

The court finds that Plaintiff's failure to comply with discovery was willful and done in bad faith. Plaintiff has chosen to blatantly defy this court's directives. Hoffmann 2019 U.S.Dist.LEXIS 21104, at *24-25. This cannot stand, and this fact — alone — is grounds for dismissing this case. See Fed. R. Civ. P. 37(b)(2)(A)(v) and 41(b); see also Local Rule 110 ("Failure of . . . a party to comply with . . . any order of the Court may be grounds for imposition . . . of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."). Plaintiff was clearly warned of this potential outcome. (ECF No. 85 at 8 ¶ 6). The present findings and recommendations also clearly warn Plaintiff that dismissal of his case against Defendant Rocha is imminent.

For these reasons, the undersigned finds that terminating sanctions are justified and will recommend dismissal of Defendant Rocha and Plaintiff's claims against Defendant Rocha from this case.

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Rocha's motion for discovery sanctions, (ECF No. 101), be granted to the extent Defendant seeks terminating sanctions and dismissal of Plaintiff's case against Defendant Rocha with prejudice;

2. Defendant Rocha's motion for discovery sanctions, (ECF No. 101), be denied to the extent Defendant seeks attorneys' fees in addition to terminating sanctions;

3. This case proceed only against Defendant Hicks for use of excessive force in violation of the Eighth Amendment; and

4. This case be referred back to the Magistrate Judge for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v.

Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **June 6, 2022**                     **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE