UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY BERNARD WASHINGTON,<br><br>Plaintiff,<br><br>vs.<br><br>HICKS, et al.,<br><br>Defendants. | 1:19-cv-00156-JLT-GSA-PC<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>**(ECF No. 140.)** |

I.  **BACKGROUND**

Tracye Benard Washington ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's Complaint filed on February 5, 2019, against sole defendant Sergeant David Hicks ("Defendant") for use of excessive force in violation of the Eighth Amendment. (ECF No. 1.)[1]

On September 19, 2022, the court denied Plaintiff's motion to compel defendant Rocha to respond to Plaintiff's discovery because defendant Rocha was dismissed from this case on August 11, 2022, and because Plaintiff's motion to compel was untimely. (ECF No. 136.) On September 28, 2022, Plaintiff filed objections to the court's order, which the court construes as

---

[1] On August 11, 2022, the court granted defendant Rocha's motion for terminating discovery sanctions and dismissed defendant Rocha from this action. (ECF No. 127.) On June 22, 2020, the court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (ECF No. 19.)

a motion for reconsideration of the court's order denying Plaintiff's motion to compel. (ECF No. 140.)

## II. MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff objects to the Court's decision to deny Plaintiff's motion to compel discovery from defendant Rocha. Plaintiff argues that his motion to compel should have been granted because the motion to compel was filed before defendant Rocha was dismissed from this action. However, Plaintiff's motion was both untimely and filed after defendant Rocha had been dismissed from the case.

Plaintiff does not present the Court with any newly-discovered evidence or show that the Court committed clear error in its ruling. Nor does he point to any intervening change in controlling law. Instead, Plaintiff merely disagrees with the court's decision. Accordingly, Plaintiff fails to show any reason why the Court should reconsider its prior order, and the Court will deny his motion for reconsideration.

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on September 28, 2022, is DENIED.

IT IS SO ORDERED.

Dated:    **October 3, 2022**                    **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE