UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE BENARD WASHINGTON, | **1:19-cv-00156-JLT-GSA-PC** |
| Plaintiff, | **ORDER STRIKING IMPERMISSIBLE SURREPLY** |
| vs. | |
| HICKS, et al., | **(ECF No. 143.)** |
| Defendants. | |

## I.    BACKGROUND

Tracye Benard Washington ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's Complaint filed on February 5, 2019, against defendant Sergeant David Hicks ("Defendant") for use of excessive force in violation of the Eighth Amendment.  (ECF No. 1.)

On August 31, 2022, Defendant Hicks filed a motion for summary judgment.  (ECF No. 132.)  On September 20, 2022, Plaintiff filed an opposition to the motion.  (ECF No. 137.)  On October 3, 2022, Defendant filed a reply to Plaintiff's opposition.  (ECF No. 141.)

1

On October 13, 2022, Plaintiff filed a reply to Defendant's reply to the opposition. (ECF No. 143.) The court construes Plaintiff's reply as an impermissible surreply.

## II.   SURREPLY

A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed. USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited March 1, 2021). The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply. A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005).

Plaintiff's reply to Defendant's reply to the opposition is a surreply because it was filed on October 13, 2022, after Defendant's motion for summary judgment was fully briefed. The motion for summary judgment was fully briefed and submitted on the record under Local Rule 230(l) on October 3, 2022, when Defendant filed a reply to Plaintiff's opposition. (ECF No. 141.) In this case, the court neither requested a surreply nor granted a request on the behalf of Plaintiff to file a surreply. Plaintiff has not shown good cause for the court to allow him to file a surreply at this juncture. Therefore, Plaintiff's surreply shall be stricken from the record.[1]

## III.   CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's surreply, filed on October 13, 2022, is STRICKEN from the court's record.

IT IS SO ORDERED.

Dated:   __October 14, 2022__         _____/s/ Gary S. Austin_____
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] A document which is 'stricken' will not be considered by the Court for any purpose." (Informational Order, ECF No. 4 at 2 ¶II.A.)