UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE BENARD WASHINGTON,<br><br>          Plaintiff,<br><br>     vs.<br><br>HICKS, et al.,<br><br>          Defendants. | 1:19-cv-00156-JLT-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE EVIDENCE AND MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF No. 116.)** |

**I.     BACKGROUND**

Tracye Benard Washington ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's original Complaint filed on February 5, 2019, against defendant Sergeant David Hicks for use of excessive force in violation of the Eighth Amendment. (ECF No. 1.)[1]

---

[1] On June 22, 2020, the court issued an order dismissing all other claims and defendants from this action, except against Defendants Rocha and Hicks for use of excessive force, based on Plaintiff's failure to state a claim. (ECF No. 19.) On August 11, 2022, Defendant Rocha's motion for terminating sanctions was granted and Defendant Rocha was dismissed from this case. (ECF No. 127.)

On September 8, 2020, the Court issued a Discovery and Scheduling Order establishing deadlines for the parties, including a discovery deadline of May 8, 2021 and a dispositive motions filing deadline of June 8, 2021.  (ECF No. 28.) The deadlines were extended but have now expired.  (ECF Nos. 100, 114.)

On June 8, 2022, Plaintiff filed a motion to exclude evidence.  (ECF No. 116.)  On June 29, 2022, Defendant Hicks filed an opposition.[2]  (ECF No. 118.)  On July 19, 2022, Plaintiff filed a reply.  (ECF No. 123.)

## II.     MOTION TO EXCLUDE EVIDENCE

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible."  United States v. Castro, No. 219CR00295GMNNJK, 2022 WL 4138678, at *1 (D. Nev. Sept. 9, 2022) (quoting Fed. R. Evid. 104(a)).  In order to satisfy the burden of proof for Federal Rules of Evidence ("FRE") 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence.  Id. (citing see Bourjaily v. United States, 483 U.S. 171, 175, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987) ("We have traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.")).

"Although the [FRE] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."  Id. (quoting Luce v. United States, 469 U.S. 38, 41 n.4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984) (citing FRE 103(c))).  In limine rulings "are not binding on the trial judge, and the judge may always change [her] mind during the course of a trial." Id. (quoting Ohler v. United States, 529 U.S. 753, 758 n.3, 120 S.Ct. 1851, 146 L.Ed.2d 826 (2000); see also Luce, 469 U.S. at 41, 105 S.Ct. 460)).  Judges have broad discretion when ruling on motions in limine.  Id. (citing see Jenkins v. Chrysler Motors Corp., 316 F.3d 663, 664 (7th Cir. 2002)).  However, a motion in limine should not be used to resolve factual disputes or weigh evidence. Id. (citing C&E Servs., Inc., v. Ashland, Inc.,

---

[2] Defendant Rocha also filed an opposition, on June 16, 2022.  (ECF No. 117.)  However, because Defendant Rocha is now dismissed from this action the Court shall not consider his opposition to Plaintiff's motion.

539 F. Supp. 2d 316, 323 (D.D.C. 2008)).  To exclude evidence on a motion in limine, the evidence must be inadmissible "on all potential grounds." Id. (quoting see, e.g., Ind. Ins. Co. v. Gen. Elec. Co., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." Id. (citing Hawthorne Partners v. AT&T Tech., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)).

Importantly, motions in limine seeking the exclusion of broad categories of evidence are disfavored.  Mort v. DeJoy, No. 1:19-CV-0652-JLT-SKO, 2022 WL 3229298, at *2 (E.D. Cal. Aug. 10, 2022), amended on reconsideration, No. 1:19-CV-0652-JLT-SKO, 2022 WL 4095857 (E.D. Cal. Sept. 7, 2022) (citing see Sperberg v. Goodyear Tire and Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975).  The Court "is almost always better situated during the actual trial to assess the value and utility of evidence." Id. (quoting Wilkins v. Kmart Corp., 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007). The Sixth Circuit explained, "a better practice is to deal with questions of admissibility of evidence as they arise [in trial]" as opposed to ruling on a motion in limine.  Id. (quoting Sperberg, 519 F.2d at 712). Nevertheless, motions in limine are "an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Id. (quoting Jonasson v. Lutheran Child & Family Services, 115 F.3d 436, 440 (7th Cir. 1997)).  A court will grant a motion in limine and exclude evidence only if the evidence is "inadmissible on all potential grounds." BNSF Ry. v. Quad City Testing Lab., Inc., 2010 WL 4337827, at *1 (D. Mont. 2010).

**A.     Plaintiff's Motion**

Plaintiff seeks a blanket exclusion of all evidence and testimony from Plaintiff's deposition taken on May 5, 2021, from use by Defendant Hicks in any dispositive motion, trial, or trial motion in this case on the grounds that David Goodwin, attorney for Defendant Rocha, engaged in discriminatory behavior during the deposition and acted unprofessionally, unethically, and ignored his duty and obligation as an officer of the court to be fair and impartial in his pursuit of the truth.  Plaintiff argues that attorney Goodwin's actions violated California law, Assembly Bill 2842, and Assembly Bill 256 , whereby the law permits challenge to litigation

when law enforcement, a prosecutor, an attorney, and/or the court discriminates against a party in the case.

Plaintiff asserts that when attorney Goodwin was questioning him at the deposition, Plaintiff properly objected to questions and attorney Goodwin improperly argued with him and illegally attempted to force Plaintiff to answer questions he posed. Plaintiff argues that attorney Goodwin should not have harassed him when he could have simply noted the objections and filed a motion to compel a response if he truly desired one.

Plaintiff states that he is a Black male who suffers from long-term mental illness, is incarcerated, and has no law degree, allowing him to claim discrimination under the Americans with Disabilities Act (ADA) and Armstrong v. Newsom.

Plaintiff also requests a hearing on this motion and asks the court to appoint counsel for him if Defendant seeks to challenge the motion.

### B.  **Defendant Hicks's Opposition**

Defendant Hicks argues that Plaintiff's motion should be denied because (1) Plaintiff fails to point to specific parts of the deposition he considers unfairly prejudicial, and he did not provide any portions of the May 5, 2021 deposition to support his arguments for the Court to evaluate; (2) Plaintiff's objection to a question alone in a deposition does not excuse the obligation to testify; (3) the deposition transcript does not support Plaintiff's arguments; and (4) the questions posed to Plaintiff were within the scope of permissible discovery under Rule 26(b).

Defendant finds it unclear whether Plaintiff is arguing that he is prejudiced by the entirety of the deposition testimony, or whether the Court should prohibit any further reference to the deposition testimony as a punishment for attorney Goodwin's abusive deposition tactics. Defendant argues that Plaintiff has not complied with Local Rules 230(b) or 250.1 in his failure to submit documentary evidence -- portions of the deposition testimony – at issue. For this failure to carry the burden of proof of his motion, Defendant argues that Plaintiff's motion should be denied.

Defendant also argues that Plaintiff has not set forth a sufficient factual or legal basis for excluding his deposition. Defendant thus assumes that Plaintiff is claiming that the probative

value of the entire deposition is substantially outweighed by the danger of unfair prejudice pursuant to Federal Rule of Evidence 403. Defendant argues that Plaintiff has not shown that he will be unfairly prejudiced by any specific part of the deposition if used by Defendant at trial.

Defendant also argues that the relief requested by Plaintiff would be inappropriate because the deposition testimony is the majority of the limited evidence that can be used by Defendant Hicks to demonstrate he properly acted during the incident at issue in the Complaint. Defendant challenges Plaintiff's belief that he was not required to respond to deposition questions if he objected to them. Defendant points to Rule 30, which states that deposition "testimony is taken *subject to* an objection," meaning that an objection generally does not excuse the deponent from answering the question posed. Fed. R. Civ. P. 30 (emphasis added).

Defendant has submitted portions of the deposition testimony at issue to show that Plaintiff objected to questions regarding his criminal history, his assigned CDCR numbers and questions regarding the instances where Plaintiff broke his cell windows, and after objecting, refused to answer. Defendant argues that the testimony shows that Plaintiff's depiction of the deposition, that counsel for Defendant Rocha attempted to "harass" answers out of Plaintiff, is not accurate, for example:

> A. Why are you asking me about my criminal past? You are not going to be able to use that in trial. What is relevance? I object. I refuse to answer questions relative to my criminal convictions.
> Q. So I understand Mr. Washington, are you refusing to answer my question about what criminal conviction you have had in the past?
> A. Yes.
> Q. Do you understand that your refusal to answer questions could result in sanctions?
> A. Yes.
> Q. And even with that understanding, you are still refusing to answer?
> A. Yes.

(Plaintiff's Deposition, 18:7-23, Exhibit B to Declaration of Cecelia Martin, ECF No. 118-1 at 14:7-23.)

Defendant argues that under Rule 609 of the Federal Rules of Evidence, questions about Plaintiff's criminal history are appropriate to discover potential impeachment evidence. Thus Defendant argues that the questions posed to Plaintiff were within the scope of permissible discovery; his refusal to answer was not legally justified; and the transcripts demonstrate that Plaintiff was not bullied, harassed, or forced to answer following his refusal.

C. **Discussion**

Plaintiff argues that the portions of the deposition transcript submitted by Defendant cannot provide the Court with the information needed to address Plaintiff's motion, and Defendant should be required to submit a copy of the video-taped version of the deposition hearing in ful, so that the Court can observe the body language, behaviors, and reactions of all of the attorneys. Plaintiff asserts that he sought a copy of the deposition transcript but Defendant objected and the Court denied Plaintiff's request, which is why Plaintiff could not submit the transcripts as exhibits in support his arguments.

First, there is no doubt that Plaintiff's motion is overly broad and lacks support. Plaintiff seeks to exclude all of the deposition testimony without offering any examples to support his alleged accusations of discrimination, violations of the ADA, and unethical behavior by attorney Goodwin. If Plaintiff could not submit documentary evidence, Plaintiff should have offered facts from his memory to support his arguments that Attorney Goodwin improperly argued with him, illegally attempted to force him to answer questions, harassed him, and behaved unprofessionally, but Plaintiff did not offer such evidence.

The Court has reviewed all of the deposition testimony submitted by Defendant Hicks, which include Plaintiff's testimony refusing to answer questions about his criminal convictions. Pursuant to the review, the Court finds no evidence of discrimination against Plaintiff based on his race, his *pro per* status, or his mental state.

Plaintiff's belief that it is appropriate to object to a deposition question and then refuse to answer the question is not supported by the Federal Rules. Rule 30(c)(1) provides that "[a]n

objection at the time of the examination--whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition--must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(1).  Plaintiff did not answer attorney Goodwin's deposition questions subject to objections.  Instead, as shown by the transcript, Plaintiff objected to questions about his criminal background in a manner that resulted in incomplete answers or no answer at all.  This was improper and impeded the fair examination of Plaintiff.

Nor does the Court find evidence that Plaintiff's rights under the ADA or Armstrong v. Newsom[3] were violated.  Title II of the Americans with Disabilities Act (ADA) prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability.  42 U.S.C. § 12132 (1994); Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir.), cert. denied, 522 U.S. 971 (1997). "Generally, public entities must 'make reasonable modification in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.'"  Pierce v. County of Orange, 526 F.3d 1190, 1215 (9th Cir. 2008) (quoting 28 C.F.R. § 35.130(b)(7)). To state a claim under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability. Simmons v. Navajo County, Ariz, 609 F.3d 1011, 1021 (9th Cir. 2010); McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (policy burdened plaintiff in a manner different from and greater than it burdened non-disabled residents, solely as a result of his

---

[3] The court in Armstrong v. Newsom, 2021 WL 933106, (N.D.Cal. March 11, 2021) granted in part a motion by a class of state prison inmates with disabilities requiring officials to implement new policies and procedures at prison to prevent further violations of inmates' rights under the ADA.

disabling condition); Weinrich, 114 F.3d at 978.  The ADA does not provide a basis to sue government officials in their individual capacities.  Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA. . . .").  Furthermore, "[t]o recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant."  Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).  Here, Plaintiff has not shown that he was entitled to a reasonable accommodation or that he was discriminated against because of his disability.  Therefore, Plaintiff fails to show that his rights under the ADA or Armstrong v. Newsom were violated.

In addition, Plaintiff's request for appointment of counsel shall be denied. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.  Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiff, a prisoner proceeding *pro se* , asserting that he suffers from mental health issues, seeks appointment of counsel to assist him with his motion to deny evidence.  These are not an exceptional circumstance under the law.  While the court has found that Plaintiff states a cognizable claim in the Complaint against Defendant Hicks for use of excessive force against Plaintiff, this finding is not a determination that Plaintiff is likely to succeed on the merits. Plaintiff's excessive force claims are not complex, and based on a review of the record in this

case Plaintiff can adequately articulate his claims and respond to court orders. Thus, the court does not find the required exceptional circumstances, and Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

## IV. CONCLUSION

The Court finds that Plaintiff's motion to exclude evidence is overly broad and lacks evidentiary support. Nor has Plaintiff sufficiently cited the California law, Assembly Bill 2842, or Assembly Bill 256 that he claims were violated.

In contrast, Defendant has submitted credible evidence that attorney Goodwin did not behave unprofessionally or act in a discriminatory manner against Plaintiff at the deposition. The Court finds no credible evidence that Plaintiff was harassed, that his rights under the ADA or Armstrong v. Newsom were violated, or that the value of the deposition testimony is outweighed by a tendency to cause unfair prejudice.

For these reasons, the undersigned finds that Plaintiff's motion to exclude evidence should be denied.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for appointment of counsel is DENIED without prejudice; and
2. Plaintiff's motion to exclude evidence, filed on June 8, 2022, is DENIED.

IT IS SO ORDERED.

Dated:   **February 18, 2023**                    **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE