UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE BENARD WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>HICKS, et al.,<br><br>　　　　Defendants. | 1:19-cv-00156-JLT-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S TWO MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED**<br><br>**(ECF Nos. 150, 155.)**<br><br>**OBJECTIONS, IF ANY, DUE <u>ON OR BEFORE SEPTEMBER 13, 2023</u>** |

## I.　BACKGROUND

Tracye Benard Washington ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's original Complaint filed on February 5, 2019, against defendant Sergeant David Hicks for use of excessive force in violation of the Eighth Amendment.[1] (ECF No. 1.) The Plaintiff alleges this event occurred in 2018 at Kern Valley State Prison (KVSP).

On May 22, 2023 and July 5, 2023, Plaintiff filed motions for a temporary restraining order, which the court construes as motions for preliminary injunctive relief. (ECF Nos. 150, 155.) On June 5, 2023, Defendant Hicks filed an opposition to Plaintiff's May 22, 2023 motion.

---

[1] On August 11, 2020, the Court dismissed defendant Rocha from this case, with prejudice. (ECF No. 127.) Defendant Hicks is now the sole defendant in this case.

1

(ECF No. 151.) On June 16, 2023, Plaintiff filed a reply to the opposition. (ECF No. 153.) On July 5, 2023 Plaintiff filed a second motion for injunctive relief (ECF No. 155) requesting that the TRO he requested on May 22 also extend to "emplyees [sic] of Defendant Hicks".

## II.     INTRODUCTION: PRELIMINARY INJUNCTIVE RELIEF

Initially it should be noted that a plaintiff seeking a preliminary injunction must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S.Ct. 365, 374 (2008). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

As well, Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

## III.    SUMMARY OF PLAINTIFF'S REQUEST AND DEFENDANT'S RESPONSE

### A. Plaintiff's Request in the two motions

Here, Plaintiff requests a court order of "protection" because Plaintiff believes that he cannot be safely housed at KVSP "due to continuous harassment, intimidation and acts of sobatage [sic]" by guards and inmates who collude, and requests the Court to issue a TRO against defendant Hicks, employees of defendant Hicks, as well as an order transferring him out of KVSP. Plaintiff states that defendant Hicks is no long working at KVSP having been transferred to SATF (Substance Abuse Treatment Facility in Corcoran California), thus requests the order to extend to "all guards and their proxy inmates to cease their predatory behaviors and harassment

against Plaintiff". The acts Plaintiff complains of began following his return to KVSP on March 17, 2023.

### B. Defendant Hick's Response

Defendant Hicks argues that Plaintiff has not established any of the elements required for the issuance of a temporary restraining order or granting of preliminary injunctive relief. Defendant argues that Plaintiff has not shown that any harm he claims to be experiencing can or will be remedied by enjoining Defendant Hicks; that the balance of the equities tips in favor of an injunction against Defendant Hicks, or that such an injunction is in the public interest; or most importantly, that Defendant Hicks has engaged in any wrongful conduct to be enjoined or that the injunctive relief he seeks can be obtained by enjoining Defendant Hicks.

## IV.   LAW

A preliminary injunction is a remedy to be used sparingly and only in a clear and plain case. <u>Gomez v Vernon</u> 255 F.3d 1118, 1128 (9th Cir 2001). Where the action concerns prison conditions, any relief awarded must also conform with the requirements of the Prison Litigation Reform Act, 18 USC section 3626, which in part states that the court shall not grant or approve any prospective relief unless the court finds that such relief is "**narrowly drawn**". The PLRA provides, in relevant part:

> Prospective relief n any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief. (18 USC 3626(a)(1)(A)).

3

In addition, Federal courts may issue injunctions only when they have personal jurisdiction over the parties and may not determine the rights of persons not before the court (see, Carr v Abdou 2023 US Dist Lexis 104604; Zepeda v. U.S.I.N.S., 753 F.2d 719, 727 (9th Cir.1983)). Further, the pendency of an action related to conduct by specific prison officials does not in itself give the Court jurisdiction over prison officials in general (Carr, supra; Baston v Yett 2018 U.S. Dist. Lexis 8319). Nor does a prisoner's action against prison officials automatically give the court jurisdiction over the CDCR as an entity (Carr, supra; Balarini v Diaz 2020 WL 4343694)). Finally and importantly, the requested injunctive relief must relate to the claims in the complaint (Carr, supra; PAC Radiation Oncology, LLC v Queen's Med. Ctr, 810 F.3d 631, 633 (9th Cir. 2015)). Without a **nexus** between the two the court lacks authority to grant Plaintiff any relief (Carr, supra; Fields v Sanchez, 2023 US Dist Lexis 8657)).

## V.   DISCUSSION

To the extent that Plaintiff seeks a court order compelling anyone other than defendant Hicks to act or not to act, the court lacks jurisdiction to issue such an order because the Court does not have personal jurisdiction over them. This includes "all guards and their proxy inmates". As to defendant Hicks: **1**- defendant Hicks is no longer working at KVSP; **2**- it has not been shown that as a correctional sergeant defendant Hicks has the authority to grant, command or enforce the relief Plaintiff seeks, including the control over staff and inmates at a prison where he no longer works, or ordering the transfer of Plaintiff to another prison; and, **3**- because Plaintiff has requested that the court order not only defendant Hicks, but as mentioned above, all other staff and inmates at KVSP to stop colluding, harassing and intimidating Plaintiff, such a request is extremely vague, confusing and certainly be nearly impossible to enforce as it is plainly not "**narrowly drawn**".

Additionally, the current complaint is based upon a single event occurring back on February 6, 2018 at KVSP, thus by shear remoteness alone it is difficult at best to envision the existence of any **nexus** between the allegations contained in the complaint and the harassment Plaintiff now claims he suffers following his return to KVSP on March 17, 2023. Importantly,

Plaintiff has not demonstrated other than by wild and wholly unsupported factual conjecture that defendant Hicks is in any way connected to the claimed current harassment and intimidation, and because defendant Hicks provides the only possible nexus between the events alleged in the complaint and the events described in the TRO, and being the only person over whom the court has jurisdiction, Plaintiff's two motions must be denied..

**VI.   CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motions for preliminary injunctive relief, filed on May 22, 2023 and July 5, 2023, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **On or before September 13, 2023**, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within **ten days** after the objections are filed.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 26, 2023**                       **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE