1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   TRACYE BENARD WASHINGTON,            No.  1:19-cv-00156 JLT GSA (PC)

12              Plaintiff,                ORDER ADOPTING FINDINGS AND
                                          RECOMMENDATIONS DENYING
13        v.                              PLAINTIFF'S MOTIONS FOR INJUNCTIVE
                                          RELIEF
14   DAVID HICKS, *et al*.,
                                          (Docs. 150, 155, 156)
15              Defendants.

16

17        Plaintiff, a state prisoner proceeding *pro se*, seeks to hold the defendants liable for

18   violations of his civil rights while incarcerated pursuant to 42 U.S.C. § 1983.  Plaintiff contends

19   he is unsafe at Kern Valley State Prison and requests the Court order him transferred from KVSP

20   "to a Medical Facility or any location other than his current housing" and all correctional officers

21   be directed to not engage in "predatory behaviors and harassments."  (Doc. 150 at 4; *see also*

22   Doc. 155.)  Defendant opposes the request for injunctive relief.  (Doc. 154.)  The matter was

23   referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local

24   Rule 302.

25        The magistrate recommended the motions be denied.  (Doc. 156.)  The magistrate judge

26   observed: "To the extent that Plaintiff seeks a court order compelling anyone other than defendant

27   Hicks to act or not to act, the court lacks jurisdiction to issue such an order because the Court

28   does not have personal jurisdiction over them."  (*Id.* at 4.)  In addition, the magistrate judge noted

1

Hicks was no longer working at KVSP, and Plaintiff did not show "Hicks has the authority to grant, command or enforce the relief Plaintiff seeks, including the control over staff and inmates at a prison where he no longer works, or ordering the transfer of Plaintiff to another prison." (*Id.*) Moreover, the Court found Plaintiff did not demonstrate any nexus between Hicks and "the claimed current harassment and intimidation." (*Id.* at 5.)  Therefore, the magistrate judge recommended Plaintiff's requests for injunctive relief be denied.  (*Id.*)

Plaintiff objects but does not show how the Court has jurisdiction over all correctional officers at KSVP or authority to order Plaintiff's transfer, such that the relief he requests may be granted.  (Doc. 158.) Plaintiff does not identify facts such that the Court may find he is in danger of "immediate and irreparable injury, loss, or damage" by the defendant, as required by Rule 65 of the Federal Rules of Civil Procedure.  *See* Fed.R.Civ.P. 65(b)(1)(A).

According to 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court concludes the Findings and Recommendations to be supported by the record and by proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued August 28, 2023 (Doc. 156) are **ADOPTED** in full.

2. Plaintiff's motions for preliminary injunctive relief (Docs. 150 and 155) are **DENIED**.

IT IS SO ORDERED.

Dated:  __**October 6, 2023**__

UNITED STATES DISTRICT JUDGE