UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE BERNARD WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>DAVID HICKS, et al.,<br><br>Defendants. | **No. 1:19-cv-00156 JLT GSA (PC)**<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF EXPERT WITNESSES (ECF NO. 152)<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR THE COURT TO TAKE JUDICIAL NOTICE OF THE CRUZ CASE (ECF No 160), BUT DENIED AS TO PLAINTIFF'S REQUEST FOR THE COURT TO TAKE JUDICIAL NOTICE OF THE IN RE LOPEZ CASE (ECF No. 161)<br><br>(ECF No. 160, 161) |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. Plaintiff has paid the filing fee. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The matter is in the dispositive motion phase of the proceedings. See ECF Nos. 132, 137 (SEALED EVENT), 138, 141 (Defendants' motion for summary judgment; Plaintiff's exhibits and declaration; Defendants' reply, respectively).

Before this Court are: (1) Plaintiff's motion for the appointment of expert witnesses pursuant to Federal Rule of Evidence 702, (2) Plaintiff's two requests that the Court take judicial notice of cases that he believes are relevant to his case. See generally ECF Nos. 152, 153, and

1

1   161, respectively.

2       For the reasons stated below, Plaintiff's motion for the appointment of expert witnesses will be denied.  However, with regard to Plaintiff's two requests that the Court take judicial notice of cases that he believes are relevant to his case will be granted only as to the Cruz case.

### I.   MOTION FOR THE APPOINTMENT OF EXPERT WITNESSES

Plaintiff has filed a motion requesting that the Court appoint expert witnesses to review the evidence provided in accord with Federal Rule of Evidence 702.  ECF No. 152.  Specifically, Plaintiff asks that experts who have knowledge of:  (1) the effects of the use of pepper spray on someone who has asthma and glaucoma, and (2) prison practices and procedures regarding the use of force on mentally ill inmates.  Id. at 1.

Rule 702 is largely applicable when testimony is given at trial.  Given that this matter is still at the dispositive motion phase of the proceedings, the motion is premature and the Court cannot consider the substance of the motion.  For this reason, the motion will be denied.

### II.   REQUESTS FOR JUDICIAL NOTICE

Plaintiff's requests the Court to take judicial notice of:  (1) Cruz v Diaz, 2022 US Dist Lexis 243246 , and (2) In Re Lopez, 2022 Cal.App [Unpub] Lexis 2385.  See ECF Nos. 160, 161, respectively.  Defendants have not filed objections to the requests.

A court must take judicial notice if a party requests it, and the court is supplied with the necessary information. Fed. R. Evid. 201(c)(2).  A judicially noticed fact must be one not subject to reasonable dispute in that it is either:  "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination from sources whose accuracy cannot be reasonably questioned."  Fed. R. Evid. 201(b).

Given that:  (1) Plaintiff's complaint alleges violations of right stemming from excessive force and his placement in the sensitive needs yard; (2) Plaintiff cites these cases for *precedential* value—however,  the Lopez matter was ordered unpublished and therefore, because it is offered by Plaintiff for *precedential*  value, it may not be cited  as authority, nor may the court take judicial notice of it for that reason and others (see, Heterich v Courty of San Francisco, 2020 US Dist Lexis 260331; Bean v Univ. of Cal. San Diego Imaged, 2019 Cal. Super. Lexis 44210;

Charter Communs… 2022 Cal Super. Lexis 72514), and (3) the content of the Cruz case is not subject to dispute, the Court is required to take judicial notice of it.  Therefore, the request regarding the Cruz case will be granted, but the request regarding the In Re Lopez case will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of expert witnesses (ECF No. 152) is DENIED, and

2. Plaintiff's motion for the Court take judicial notice of the Cruz case is GRANTED (ECF No 160), however the request for the court to take judicial notice of In Re Lopez is DENIED (ECF No. 161).

IT IS SO ORDERED.

Dated:   **March 8, 2024**              /s/ Gary S. Austin
                                      UNITED STATES MAGISTRATE JUDGE