UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE BENARD WASHINGTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID HICKS, et al.,<br><br>　　　　　Defendants. | No.  1:19-cv-00156 JLT GSA (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR RETRACTION OR CORRECTION<br><br>(ECF No. 163) |

　　　　Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  This case is at the dispositive motion stage of the proceedings.  See ECF Nos. 132, 138, 141 (Defendants' motion for summary judgment; Plaintiff's response; Defendants' reply).

　　　　Plaintiff has filed a motion (ECF No 163) which asks the Court to retract and/or correct its statement in its order issued March 11, 2024, that Plaintiff had been housed in a sensitive needs yard.  See, ECF No. 162.  The motion also asks the Court to revisit its related August 2023 denial of his requests for injunctive relief to be transferred to a different prison.  Id. at 2.  For the reasons stated below, the request will be granted in part and denied in part.

## I. MOTION TO RETRACT OR CORRECT

In Plaintiff's motion, he states that the Court "incorrectly and erroneously referred to [his] 'sensitive needs status'" when it reviewed Plaintiff's request to take judicial notice of two cases. ECF No. 163 at 2 (motion to retract). He states that he was not in the special needs yard when he was transferred to a non-designated yard at Kern Valley State Prison, rather he was in the general population. ECF No. 163 at 1. He further contends that the Court's referral to his "sensitive needs status" was "inflam[m]atory and inaccurate" and that they put his life in danger. Id. at 2 (brackets added). As a result, Plaintiff requests that the Court revisit its denial of his request for injunctive relief because every prisoner who has a tablet has access to the Court's order that mischaracterized his placement status. See id.

## II. DISCUSSION

A review of the March 8, 2024 (issued March 11), order with which Plaintiff takes issue states that "Plaintiff's complaint alleges violations of right stemming from excessive force and his placement in the sensitive needs yard." ECF No. 162 at 2. A review of Plaintiff's complaint states that Plaintiff "discovered that the EOP mental health care facility was in a building located at [the prison's] Protective Custody (PC) or, 'Sensitive Needs Yard' (SNY) and not on the General Population yard at the prison." ECF No. 1 at 6 (brackets added) (errors in original). Plaintiff further states in the complaint that because of this placement, over the next twenty-four hours, he made numerous requests to prison staff "to be *taken off the protective custody yard* and out of the EOP program because he believed that his life was endangered by being *housed amongst the protective custody inmate population* and staff." Id. (emphasis added). In the complaint, Plaintiff states further that at some point he was housed in administrative segregation for a period, and that when he was told that he was going back to the EOP building, Plaintiff stated that he "was not going back to 'that yard'." ECF No. 1 at 7.

Based upon these statements Plaintiff made in his complaint, the Court's statement that Plaintiff had been placed in the sensitive needs yard, while according to Plaintiff was not accurate, was neither inaccurate in that Plaintiff himself stated in his complaint that upon arrival at KVSP he was being " housed amongst the protective custody inmate population", or "Sensitive

1  Needs Yard",   and that he made "numerous requests to custody staff to be taken off the
2  protective custody yard…".
3      Additionally, in his motion Plaintiff incorrectly states that the Court in the March 8, 2024,
4  order (ECF No. 162) referred to Plaintiff's "Sensitive Needs Status", however nowhere in the
5  Courts March 8 order does it state this, rather the order in relevant part simply reads "his
6  placement in the sensitive needs yard".
7      That being said, the record speaks for itself, but it is noted for clarification purposes that
8  the complaint alleges that Plaintiff was an EOP inmate upon his arrival at KVSP who was
9  improperly placed in a *building* that also housed inmates who were SNY.
10      However, none of Plaintiff's arguments for clarification warrant the Court's revisitation of
11  its denial of his requests for injunctive relief and that he be transferred to a different prison. See
12  ECF No. 163 at 2 (Plaintiff's request for same).  Plaintiff's assertion that the Court's mistake has
13  placed his life in danger is wholly speculative and unsupported by facts.  Plaintiff fails to provide
14  any examples of said danger (e.g., threats he has received since the order issued; attempted
15  attacks on his person, etc.) that have arisen due to the Court's errant assertion that he had been
16  placed on the sensitive needs yard.  See generally ECF No. 163.  Mere speculative injury does not
17  constitute irreparable injury sufficient to warrant granting a preliminary injunction.  Caribbean
18  Marine Servs. Co., Inc. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988); see also Fed. R. Civ.
19  Proc. 65(b) (stating movant must demonstrate credible threat of immediate and irreparable harm
20  with specific facts).  Moreover, the transfer of an inmate is generally vested in prison officials,
21  not in the Court.  See Meachum v. Fano, 427 U.S. 215, 227 (1976).  For these reasons, Plaintiff's
22  request that the Court revisit the denial of his request to be transferred to a different prison will be
23  denied.
24      Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for a retraction (ECF No.
25  163) be GRANTED IN PART and DENIED IN PART as follows:
26      1. GRANTED to the extent that the Court herein clarifies that Plaintiff states he was <u>not</u>
27  on sensitive needs yard status when he was transferred to the building in question at Kern Valley
28  State Prison, and

2. DENIED to the extent that Plaintiff asks the Court to revisit its denial of his motion for injunctive relief in the form of his transfer to a different prison.

IT IS SO ORDERED.

Dated: **April 22, 2024**                    **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE